CHARLES BUMGARNER Respondent, *v.* JOHN C. COGSWELL *et al.*, Appellants.

1. *Trustees, successors of—Appointment by deed, etc.*—By the terms of a deed conveying certain land in trust for the Pacific Railroad Company to be deeded away by the trustee on the order of the directors, in case of his failure to act, the company was authorized, "by deed duly executed, to appoint other trustees, who should by such deed be vested with power to execute the trust." *Held,* that a quit-claim deed of the property, although signed by the president and persons purporting to be the successors in the trust, conveyed no title unless said trustees were appointed to carry out the trust by deed duly executed.

*Appeal from Pettis Circuit Court.*

*Crandall & Sinnett,* for appellants.

The quit-claim deed from John C. Porter and R. R. Powell, trustees of said company, to plaintiff, should have been excluded. Trustees must be regularly appointed, or empowered and authorized to act. The Pacific Railroad Company did not appoint and nominate said Porter and Powell trustees. (Hill on Trustees, 92, 96, 289.) Power was given to said company by Combs and wife's deed to nominate and appoint new trustees, upon Billon's refusal or failure to act. There is no evidence that this was done. (Hill on Trustees, 289.) No deed to said Porter and Powell, or authority in them to act, having been shown, the deed from them to plaintiff was void, and did not invest plaintiff with the title to said lot. (Hill on Trust. 196, § 186; Adams' Eq., § 38.)

*Wright & Snoddy,* for respondent.

The deed from the company to plaintiff, by the president thereof and the trustees, is sufficient. Combs' deed to Billon for the use of the company expressly authorized the company to constitute other trustees, and as the president of the road and the trustees signed and sealed the deed to plaintiff, and as the railroad sets up no denial of the deed, it does not lie in the mouths of appellants, who are utter strangers and have therein no interest, to deny the validity of the deed.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for a lot in the town of Smithton, in Pettis county.  The plaintiff claimed title as follows:

1.  William E. Combs took possession of the land and caused it to be laid off into lots, blocks, streets and alleys, and made out, acknowledged and recorded a plat of the town.

2.  A deed from said Combs and wife to Frederic L. Billon, in trust for the Pacific Railroad, which deed contains this language: "The said trustee, at all times, upon the demand or order of the board of directors, by deed to be duly executed and acknowledged, shall convey any or all of the above-described real estate to such parties and for such consideration as the board of directors shall direct; and in the event of the failure or refusal of the said Frederic Billon to accept and execute the trust herein created, the said Pacific Railroad shall have power, by deed duly executed under the seal of said Pacific Railroad, to renominate and appoint another trustee, who shall by such deed be fully vested with all power and authority to execute the trust hereby created."

3.  Without showing any deed from the Pacific Railroad nominating John C. Porter and R. R. Powell trustees to execute the trust above created, the plaintiff produced a quit-claim deed from said Powell and Porter, trustees of the Pacific Railroad, to the plaintiff, which deed concludes thus:  "In testimony whereof, the said John C. Porter and R. R. Powell, trustees as aforesaid, and George R. Taylor, president of the Pacific Railroad, in evidence that this conveyance is made at the request of said company, have hereunto set their hands and seals this day and date above written.  (Signed) Pacific Railroad, [seal].  By George R. Taylor, Pres't, [seal].  John C. Porter, Trustee, [seal].  R. R. Powell, Trustee, [seal]."

The foregoing deeds and evidence were given against the objections of the defendants.  This being all the evidence, the defendants demurred to the evidence by asking the court to declare that upon the evidence given the plaintiff was not entitled to recover.  But the court refused so to declare, and gave judg-

ment for plaintiff. Motions for new trial, etc., were made and overruled.

The point is made that the deed to Billon, in trust for the railroad company, is void because the Pacific Railroad could not by its charter take lands thus conveyed to it. But without decid-ing this question, as it does not necessarily arise in this case, we are clearly of the opinion that whether the railroad company could take the land or not, there was no deed shown from Billon, nor was there any appointment, by deed executed by the Pacific Railroad, of John C. Porter and R. R. Powell trustees to execute the trust; and the deed from them, although signed by Taylor as president of the railroad company, passed no title to the plaintiff, and therefore the demurrer to the evidence ought to have been sustained.

This being the case, the judgment must be reversed and the cause remanded. The other judges concur