Morrison v. Coad.

## MORRISON v. COAD.

1. **Evidence:** CERTIFIED COPY. A certified copy of a private contract, filed in the office of the county auditor, but not authorized by law to be kept therein, is not competent evidence of the contents of the original contract.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, DECEMBER 4.

THE plaintiff alleges that in the fall of 1876 the defendant, by his agent, employed W. W. Wahl, C. H. Edwards and George Edwards to work by themselves and teams in building bridges in Monroe county, and that the said W. W. Wahl, C. H. and George Edwards assigned their several causes of action on accounts to plaintiff, in virtue whereof the plaintiff claims of defendant the sum of one hundred and fifty dollars. The defendant, for answer, denied all the allegations of the petition. The cause was tried by the court without a jury. After the

Morrison v. Coad.

evidence was all submitted the plaintiff filed an amendment to his petition, as follows: "For amendment to his petition, and for the purpose of avoiding any variance between the proofs and the allegations, plaintiff avers that J. C. Coad, the defendant, in writing expressly undertook, agreed and promised to assume the contract made between Munroe county, Iowa, and N. W. Edwards, in the month of September, 1876, in regard to the building two certain county bridges, and assume all liabilities and expenses therewith connected, as shown by a certain contract marked exhibit 'A,' introduced as testimony in this cause; that the account sued upon, labor performed by the said Edwards, Wahl and Edwards, and assigned, is part of the expenses of building said bridge; that said contract herein referred to estops the defendant from alleging otherwise, the same being in writing, and parol testimony inadmissible to vary the contract." The answer denies all the allegations of this amendment, and alleges that, whatever contract was made in relation to the building of said bridges between N. W. Edwards and defendant, no part of it was performed or carried out, but it was wholly waived and abandoned by the mutual consent of all the contracting parties.

The court rendered judgment in favor of plaintiff for forty-two dollars and seventy cents. The defendant appeals.

*Vermillion, Haynes & Vermillion* and *J. C. Coad*, for appellant.

*G. D. Porter*, for appellee.

DAY, J—Upon the trial the plaintiff offered in evidence what purports to be a copy of the contract referred to in the 1. EVIDENCE: amended petition, and which is as follows: "This certified copy. contract between N. W. Edwards, first party, of Appanoose county, Iowa, and J. C. Coad, of the said county, witnesseth: That the first party has and does, by these presents, assign to the second party all his interest in and to a

certain bridge contract entered into between the first party and the board of supervisors of Monroe county, Iowa, on or about the 16th day of September, 1876, for the building of two bridges in said county, one to be built on South Avery, and one on Cedar creek. The second party agrees to build said bridges at his own expense, and the first party agrees to superintend and assist in building said bridges according to contract; and for his services therefor the second party is to pay the first party three dollars per day for the time engaged at said work. Dated this September 25, 1876.

"[The first party, no name.]

"J. C. COAD, second party.

"Filed October 21, 1876.

"SAMUEL T. CRAIG, Auditor.

"I do hereby certify that the foregoing is a correct copy of the original paper or instrument now on file in this office.

"Witness my hand and seal of Monroe county, Iowa, February 13, 1877.

"SAMUEL T. CRAIG, County Auditor."

The defendant objected to this evidence because it was secondary—a copy, and not a part of the county records of Monroe county. The objection was overruled, and the evidence was admitted. To this action of the court the defendant excepted.

Section 3702 of the Code provides: "Duly certified copies of all records and entries, or papers belonging to any public office, or by authority of law filed to be kept therein, shall be evidence in all cases of equal credibility with the original record or papers so filed." The copy in question is not admissible under this section. It is not a record belonging to the auditor's office, nor is there any authority of law for filing it or keeping therein. The instrument in question is a mere private contract between N. W. Edwards and the defendant. The fact that it purported to be an assignment of a contract made between N. W. Edwards and Monroe county is not material. The county in no way, as appears from the

instrument, ratified or adopted the assignment or became a party thereto. The original contract ought to have been introduced, or its absence accounted for. In any event it was not competent to prove its contents by a certificate of the county auditor. For this error the judgment must be

REVERSED.