FoGLER, J.
This is an action on the case in which the plaintiff as administratrix of the estate of Francis E. Boardman, her husband, sues to recover of the defendants damages for the death of her husband and intestate under Public Laws of 1891, c. 124. The statute provides that whenever the death of a person shall be *22 caused by wrongful act, neglect or default, and the act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then the person who, or corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages brought by the personal representatives of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of his widow, if no children, and of the children, if no widow, and if both, of her and them equally, and, if neither, of his heirs.
The declaration, which contains a single count, alleges that the plaintiff’s intestate while engaged in working in a limerock quarry of which the defendants were the owners and operators, was instantly killed by reason of a large mass of limerock falling upon him from the bluff or wall of the quarry; and that such death was caused through the neglect of the defendants in not making necessary examination of the walls of their quarry and not taking proper precautions to prevent the falling of stone therefrom upon the plaintiff’s intestate and others engaged in the quarry. The declaration further alleges that the plaintiff’s intestate was legally at work in said quarry; and, in an amendment allowed by the court, that he was then and there employed and was lawfully at work in the defendants’ quarry by the license and permission and at the request of the defendants.
The defendants demur generally and specially to the declaration, and assign by way of special demurrer, first, that it does not appear by the declaration whose servant or agent the plaintiff’s intestate was, or by whom he was employed in said quarry; and, second, that it does not appear by the declaration what contractual or other relations, if any, the plaintiff’s intestate sustained to the defendants, or whether he was in the employ of the defendants, or of an independent contractor. The defendants contend that the declaration is insufficient for the reason that they are not therein informed whether the plaintiff claims that her intestate was their servant, or the servant of some other person, or was a mere licensee; in other words, whether it is claimed that he was under the con *23 trol of the defendants, or of some other person, or as a licensee under the control of no one. The presiding justice overruled the demurrer, and the defendants except.
It is sound law, as contended by the plaintiff’s counsel, and sustained by the authorities cited by him, that the owner of a quarry or other premises owes to persons lawfully employed therein certain duties, and under a sufficient declaration is liable in damages for injuries received by a person so employed through a neglect of such duties; but the issue raised by the demurrer in the case at bar is not as to the liability of the defendants, but is one of pleading. The question is whether it is necessary that the declaration should allege by whom, and under whom, and under what circumstances the deceased was employed, and what relations, contractual or other relations, existed between - him and the defendants when he met his death. The degree and kind of care which the owner of premises owes to a workman employed therein vary according to the relation existing between the parties. The care which the owner owes to his servant over whom he exercises control and who acts under the master’s direction, differs in degree from that which he owes to a mere licensee and from that which he owes to the servant of an independent contractor.
“ The principal rule as to the mode of stating the facts is, that they should be set forth with certainty; by which term is signified a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who are to give judgment.” 1 Chitty on PI. 256. See Bean v. Ayers, 67 Maine, 488, 489. “The plaintiff cannot by the common law rule, in order to sustain a single demand, rely upon two or more distinct grounds or matters, each of which, independently of the other, amounts to a good cause of action in respect of such demand.” 1 Chitty PI. 249.
“When the plaintiff’s right consists of an obligation to observe some particular duty, the declaration must state the nature of such duty, which we have seen may be founded either on a contract *24 between the parties, or on the obligation of law, arising out of the defendants’ particular character or situation; and the plaintiff must prove such duty as laid.” Id. 397.
The foregoing principles laid down by Mr. Chitty have been uniformly recognized and adopted in this country and in England. In Qantret v. Pgerton, L. R. 2 C. P. 371, the requisites of a good declaration in an action for negligence are well stated by Willis J. “It^ought,” he says, “to state the facts upon which the supposed duty is founded, and the duty to the plaintiff, with the breach of which the defendant is charged. It is not enough to show that the defendant 'has been guilty of negligence, without showing in what respect he was negligent, and how he became bound to use care to prevent injury to others.” In Smith v. Tripp, 13 R. I. 152, the court, after quoting the foregoing language of Willis J. adds, “So too, it is not enough to state a relation from which the duty may arise under certain circumstances, but, unless the duty necessarily results from the relation, the circumstances which give rise to it must likewise be stated.”
So, in Addison v. L. S. M. S. My. Co., 48 Mich. 155, the court held that a declaration in a case for a fatal railway injury is demurrable if it does not so state the cause of action that the defendant could, with reasonable certainty, ascertain in what respect it is charged with negligence, or if it does not count specifically upon some particular duty and breach thereof as causing the injury; and that it is not enough to refer to matters in an uncertain, doubtful and ambiguous manner as a kind of general drag to meet whatever evidence znay be presented.
In Kennedy v. Morgan, 57 Vt. 46, the court says: “If the pleader merely alleges the duty in his declaration, he states a conclusion of law, whereas the elementary rule is that the facts frozn which the duty springs must be spread upon the record so that the court can see that the duty is made out.”
In Penn. Co. v. Dean, 92 Ind. 459, the plaintiff claimed to recover daznages for injuries received on a railway train through the alleged negligence of the defendant’s servants. The complaint was adjudged insufficient because it did not state in what-capacity *25 the plaintiff was upon the train. Tlie court says: “The rights and liabilities of the appellant could not be intelligibly adjudicated without the knowledge and consideration of tlie fact thus sought to be developed.”
To tlie same effect are Buffalo v. Holloway, 7 N. Y. 493; Sweeny v. O. C. N. B. B. Co., 10 Allen, 372; Matthews v. Bensel, 51 N. J. L. 30; Fay v. Kent, 55 Vt. 557; Trott v. Nor-cross, 111 Mo. 630; Hounsell v. Smyth, 97 E. C. L. 731; Hi Marcho v. Builders’ Iron Foundry, 18 It. I. 514; Lawler v. And. R. R. Co., 62 Maine, 467.
Applying to the case at bar the rules established by the foregoing authorities, we are of opinion that the declaration is insufficient for the reason that it does not apprise the defendants or the court in what capacity tlie plaintiff’s intestate was employed in the quarry, whether as servant of tlie defendants or the servant of an independent contractor, or as a licensee, or in some other capacity.

Exceptions sustained. Demurrer sustained.