To the same effect are *Buffalo* v. *Holloway*, 7 N. Y. 493; *Sweeny* v. *O. C. & N. R. R. Co.*, 10 Allen, 372; *Matthews* v. *Bensel*, 51 N. J. L. 30; *Fay* v. *Kent*, 55 Vt. 557; *Trott* v. *Norcross*, 111 Mo. 630; *Hounsell* v. *Smyth*, 97 E. C. L. 731; *Di Marcho* v. *Builders' Iron Foundry*, 18 R. I. 514; *Lawler* v. *And. R. R. Co.*, 62 Maine, 467.

Applying to the case at bar the rules established by the foregoing authorities, we are of opinion that the declaration is insufficient for the reason that it does not apprise the defendants or the court in what capacity the plaintiff's intestate was employed in the quarry, whether as servant of the defendants or the servant of an independent contractor, or as a licensee, or in some other capacity.

*Exceptions sustained. Demurrer sustained.*

---

CHARLES D. HILL, and another *vs.* BERTHA REYNOLDS.

Washington.　Opinion May 24, 1899.

*Exceptions. Practice. Sheriff's Deed. Sales. Execution. Misnomer. Evidence. R. S., c. 76, § 36; c. 84, § 22.*

All questions not raised by exceptions are presumed to have been decided correctly; and all facts necessarily found are presumed to have been shown by competent proof. In this case, a real action on a sheriff's deed, the court assumes that all the prior proceedings touching the sale, up to the execution of the deed, were regular and sufficient according to statutory requirements and were properly proved by competent evidence.

A sheriff's deed is not invalid merely for the reason that it does not disclose the date of the execution upon which the land was sold, nor the amount of the judgment, debt and costs, nor the name of the court from which the execution issued. These facts may be shown by the return on the execution. The judgment and the execution and return, as well as the deed, are constit-

uent elements of the evidence of title. The deed may be aided, if necessary, by the return, and such omissions supplied.

Nor is such a deed invalid, in this case, for the reason that two sales upon two executions in favor of the same creditor are embraced in one deed. Where proceedings upon two executions appear to have been simultaneous throughout and no objection was made to the sufficiency or regularity of the proceedings prior to the execution of the deed, it must be assumed that they were regular; and that it so appeared by the returns upon the executions; that the proceedings, though simultaneous, were separate; that there were separate seizures, separate notices and separate sales for separate prices upon the two executions.

When, as in this case, there are two sales of the same property, at the same time, to the same purchaser, upon executions in favor of the same creditor, the sales may be embraced in one deed.

Nor is such a deed inoperative for the reason that it purports to convey the land of Bertha J. Reynolds, while at the same time it recites that the executions ran against Bertha Reynolds. The difference in the name was not fatal. It was competent to prove the identity of the person by evidence aliunde.

On Exceptions by Defendant.

This was a real action referred to the court with leave to except. The plaintiffs' claim of title was under a sale upon executions from this court against the defendant. The only objection made by the defendant against this title was the insufficiency of the sheriff's deed, which appears in full below.

The court overruled the objection and held that under the judgment, execution, return of the officer on the execution and the deed, the plaintiffs had a prima facie title against the defendant.

After the judgment and seizure, upon the execution, viz: on February 23, 1898, the defendant was adjudged an insolvent debtor upon her petition filed on that date in the court of insolvency.

The court ruled that the insolvency proceedings were not a bar to this action.

The court thereupon rendered judgment for the plaintiffs, and the defendant took exceptions to the foregoing rulings.

### (Sheriff's Deed.)

Know all men by these presents, That I, William J. Mahlman of Lubec in the County of Washington and State of Maine a Deputy Sheriff under Isaac P. Longfellow, Sheriff of said County

of Washington, at a public vendue held at the office of J. H. Gray in Lubec in said County of Washington aforesaid on this first day of March A. D. 1898 having given notice in writing of the time and place of sale to the judgment debtor in the executions hereafter mentioned and having given public notice of the time and place of sale by posting up notifications thereof in a public place in the town of Lubec and also by posting up notifications thereof in one public place in each of the adjoining towns of Eastport (City) and Trescott thirty days before the time of sale and having caused an advertisement of the time and place of sale to be published three weeks successively before the day of sale in the Lubec Herald, a public newspaper printed in Lubec in said County, have by virtue of two executions in my hands in favor of Charles D. Hill and Willard H. Pike both of Calais in our said County of Washington, Co-partners at said Calais under the firm name and style of Hill, Pike & Co. against Bertha Reynolds of Lubec in our said County of Washington in consideration of four hundred and thirty & 68-100 Dollars paid to me this day by Charles D. Hill and Willard H. Pike both of Calais in said County of Washington, they being the highest bidders therefor, and do hereby give, grant, bargain, sell and convey to them the said Charles D. Hill and Willard H. Pike the following described real estate, and all the right, title and interest, which the said Bertha Reynolds has, in and to the same, or had on the twenty first day of January A. D. 1898, at four o'clock in the afternoon, the time when the same was taken as seized on both executions against Bertha Reynolds as aforesaid to wit. . . . Land situate in said Lubec with all buildings thereon in that part of the town called North Lubec bounded as follows to wit. . . . Commencing on the northerly side of the town road easterly from the barn yard fence at a stake and stones and running northerly five rods to the southerly corner of a small house occupied by Simon Mahar: thence south easterly three rods and eight links to the town road: thence south westerly five rods to the place of beginning containing twenty and four fifths (20 4-5) square rods.

The above described real estate is recorded in Book 200. Page

42 in our Washington County Registry of Deeds at Machias (Oct. 7, 1891) in the name of Bertha J. Reynolds which Bertha J. Reynolds and the Bertha Reynolds mentioned in the above described executions and judgments are one and the same person and the premises herein described are and were taken to satisfy the aforesaid executions and judgments. In witness whereof ·I have hereunto set my hand and seal this first day of March in the year of our Lord one thousand eight hundred and ninety eight.

William J. Mahlman, Deputy Sheriff. SEAL.

Signed, sealed and delivered in presence of Harry L. Smith.

WASHINGTON ss. March 1, A. D. 1898.

Then personally appeared the above named William J. Mahlman and acknowledged the above instrument by him subscribed to be his free act and deed. Before me,

Harry L. Smith, Justice of the Peace.

Received March 4, 1898, at 7 A. M.

Attest: H. R. Taylor, Register.

*J. H. Gray,* for plaintiffs.

*A. D. McFaul,* for defendant.

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, WISWELL, STROUT, SAVAGE, JJ.

SAVAGE, J. Real action, heard by the presiding justice, with right of exception. The plaintiffs claimed title under a sale on execution against the defendant. The presiding justice held that under the judgment, execution, return of the officer on the execution, and the sheriff's deed, the plaintiffs had a prima facie title against the defendant. The only objection raised by the defendant was that the deed was insufficient. The question presented is not whether a sheriff's deed alone is prima facie evidence of title —a question which must be answered in the negative,—but whether this sheriff's deed is sufficient in form. The deed is made a part of the case; but the judgment, execution and return are not, although they were introduced in evidence.

All questions not raised by exceptions are presumed to have been decided correctly; and all facts found are presumed to have been shown by competent proof. We must assume, therefore, that all the prior proceedings touching the sale, up to the execution of the deed, were regular and sufficient, according to statutory requirements, and were properly proved by competent evidence. And we have here only to inquire whether, upon this assumption, the deed in this case, upon its face, is sufficient so far as form is concerned, to show prima facie title in the plaintiff. It is objected that it is insufficient, (1) because it does not disclose the dates of the executions upon which the land was sold, the amount of the judgment debt and costs in each execution, and the name of the court from which the executions issued; (2) because the deed shows that two sales, upon two executions, are embraced in one deed; and (3) because it appears by the deed that the land of Bertha J. Reynolds was sold upon executions against Bertha Reynolds. We will consider these objections in their order.

I. The statute declares that the officer shall execute and deliver to the purchaser a "sufficient" deed. R. S., ch. 76, § 36. But it does not define what shall be deemed a "sufficient" deed. Undoubtedly a sheriff's deed, in order to be itself alone prima facie evidence of a sale, must show upon its face that the officer had authority to make the sale, and must show all the essential requirements of a valid sale. But in this case it is important to notice that the plaintiffs did not rely upon the deed alone to establish a prima facie title. They introduced the judgment, and the executions and returns thereon. The executions, which are presumed to be regular in form, showed their dates, the amount of the debts and costs, and the court from which they issued. The returns, if regular and complete, showed all of the officer's doings upon the executions. And in view of the fact that no objection was made to the returns, but only to the deed, we must assume that the returns were sufficient to show valid liens by seizure, and that the liens continued until the time of sale.

The question now arises whether it is necessary that a sheriff's

deed should show such facts as it is objected are wanting in this deed, if they are shown by the return on the execution. The judgment and the execution and return, as well as the deed, are constituent elements of the evidence of title. And we think the deed may be aided, if necessary, by the return. In the opinion in *Welsh* v. *Joy*, 13 Pick. 477, Shaw, C. J., said, "An officer's deed may be aided by a return upon the execution showing that the statute has been duly complied with and the power pursued." In *Stinson* v. *Ross*, 51 Maine, 556, our own court held that it is unnecessary that a sheriff's deed should show that the statute requirements in regard to notice have been complied with, when the officer's return on the execution shows that the proper notices have been given. "That is sufficient," said Justice WALTON. The defendant here cites and relies upon *Pratt* v. *Skolfield*, 45 Maine, 386, in which case the recitals in the deed as to notice being defective, it was held inoperative. But in *Stinson* v. *Ross*, supra, it was pointed out that in *Pratt* v. *Skolfield* the deed was the only evidence relied upon to prove the sale. And it was held that the decision in *Pratt* v. *Skolfield* was not applicable to a case where there was a good and sufficient return on the execution. It was held in *Hayward* v. *Cain*, 110 Mass. 273, that the omission in a sheriff's deed to state from what court the execution issued does not invalidate the deed nor render it void, if the deficiency in that respect is fully supplied by the writ of execution and the return thereon. See also Rorer on Judicial Sales, § 1011.

We think *Stinson* v. *Ross* is decisive of the first point raised by the defendant. The return supplies what the deed lacks. This objection cannot be sustained.

II.   The deed shows that the officer seized the land and sold it upon two executions in favor of Hill, Pike and Company, and against Bertha Reynolds. The proceedings upon these two executions appear to have been simultaneous throughout. No objection having been made to the sufficiency or regularity of the proceedings prior to the execution of the deed, we must assume, as before, that the sales were regular, and that it so appeared by the returns

upon the executions; that the proceedings, though simultaneous, were separate; that there were separate seizures, separate notices, and separate sales for separate prices, upon the two executions; for if it appeared otherwise, the returns would have been objectionable. *Stone* v. *Bartlett*, 46 Maine, 438; *Smith* v. *Dow*, 51 Maine, 21. It only remains to inquire then whether, when an officer has made, at the same time, two sales upon two executions, in favor of the same creditors, against the same debtor, the sales being to the same purchaser, he may complete the proceedings by executing and delivering one deed for both sales. We perceive no good reason why he cannot. That the proceedings were simultaneous is no objection. *True* v. *Emery*, 67 Maine, 28. It was held in *Chapman* v. *Androscoggin Railroad*, 54 Maine, 160, that an equity of redemption could not be sold upon two or more executions jointly, in favor of two creditors. But that is not this case. Here the sales were not joint, and the creditors were one and the same, —a marked distinction. Sales made as these were, were not prejudicial to the debtor. We think the reasoning in *True* v. *Emery*, supra, is applicable to this case. We quote:—"No injury need be suffered by the debtor in selling his equity in this way. It may be an advantage to him. He can redeem from one sale and forego a redemption from the other, if he desires to. . . . . If the debtor redeems from both sales, his property is restored to him. If he redeems from one sale only, he becomes tenant in common with the purchaser." So in this case. The officer might have sold the property on one execution, for the full amount of both, and have applied the excess to the satisfaction of the other. R. S. ch. 84, § 22. In which case, the debtor could not have redeemed in part without paying the whole. Now he may redeem from one sale, and not from the other, unless he chooses to redeem from both. If the sales are upheld, the debtor's right of redemption is not affected by the fact that both the sales are embraced in one deed. The sales are separable, and the debtor can redeem from either. The amount to be paid to redeem from either, though not found in the deed, may be found in the returns on the executions. We hold, therefore, that where, as in this case, there are two sales of

the same property, at the same time, to the same purchaser, upon executions in favor of the same creditors, the sales may be embraced in one deed.

III.    There is no question raised but that the Bertha Reynolds named in the executions, and the Bertha J. Reynolds whose land was sold, are the same person.    Indeed, that fact was necessarily found by the presiding justice.    But the defendant claims that when a sheriff's deed purports to convey the land of Bertha J. Reynolds, and recites that the executions ran against Bertha Reynolds, the deed is inoperative ipso facto.    In this deed, the officer attempted to remedy the difficulty by inserting a recital that "Bertha J. Reynolds," the owner of the land, and " Bertha Reynolds," the debtor, were identical.    But it was no part of the officer's duty to make such a recital, and it is not evidence of the truth of the fact stated.    *Innman* v. *Jackson*, 4 Maine, 237 ; *Phillips* v. *Sherman*, 61 Maine, 548.    Still, we think that the difference in the name was not fatal to the deed, and that it was competent to show the identity of the person by evidence aliunde. Persons sometimes use, and are known by, two or more names ; and when that is so, it is always competent to show the identity of the person by parol.    So, if Bertha J. Reynolds was known as well by the name of Bertha Reynolds, that fact could be shown by parol.    Even the strictness of the criminal law allows such proof upon the plea of misnomer.    The parol evidence goes to the question of identity.    The same principle applies as would in case there were two John Smiths in a town, in which case parol evidence would be admissible to show which one was the grantee in a deed to " John Smith," that is, to show the identity.    If a person is known by one name as well as by another, and is sued in the former name and execution issue, it surely cannot be said that property held by him in the latter name is beyond seizure and sale on the execution, especially, as here, where no rights of third parties have intervened.    In *Dutton* v. *Simmons*, 65 Maine, 583, where an attachment was held void, because in the return of the officer to the registry of deeds, the defendant was described as

Henry " M." Hawkins, when his true name was Henry " F." Hawkins, by which latter name he was sued, this court said that the party claiming under the attachment " would have had, probably, less difficulty to contend with, had the error been the omission of the middle letter, (as if written Henry Hawkins), or if only the initials of the Christian name had been written, but correctly given, (as H. F. Hawkins). In such case perhaps the omission could have been supplied by parol proof. A person may have different names by reputation. Proceedings have been sustained in important cases where a person is described in either one or the other of the above ways." And the court pointed out the distinction between a diminished description of a name and a description which was essentially and positively false. In the case at bar the name was diminished, but not false. We think it was competent to show aliunde that Bertha J. Reynolds and Bertha Reynolds were the same person. Hence there was no fatal variance in the names given to the debtor in the deed.

The defendant's counsel in his brief raises the point that the deed runs to Charles D. Hill and Willard H. Pike in their individual capacities, while this suit is in favor of the firm of Hill, Pike and Company. The latter fact does not appear in the bill of exceptions; and if it did, the point would not be tenable.

The defendant does not press her exceptions to the ruling that her insolvency proceedings commenced after judgment and seizure were not a bar to this action.

*Exceptions overruled.*