MARY A. LAWLESS v. ANNIE M. STAMP and JOSEPH STAMP, Appellants.

**Evidence:** RECITALS IN DEED. Recitals in a receiver's deed of his appointment, the order of sale, and the sale to grantee, are not, as against a third person, *prima facie* evidence of his appointment and authority to make the conveyance, and the court's indorse-

ment of its approval on such receiver's deed is not of itself sufficient to dispense with proof of the facts recited. Henderson v. Robinson, 76 Iowa, 603, overruled.

**Quieting Title: DEMAND:** *Attorney's fees.* Under laws Twenty-fifth General Assembly, chapter 103, providing that if, before action brought to quiet title, plaintiff shall request of defendant a quit-claim deed, and tender the expense thereof, and the latter fails to comply, the court may, if plaintiff is successful, tax attorney's fees for him, such fees cannot be taxed unless the request was made directly of defendant.

**RULE APPLIED.** Demand for deed before bringing suit to quiet title, upon an agent of defendant not authorized to make it, is not sufficient to authorize a taxation of any attorney's fee against defendant.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

WEDNESDAY, MAY 24, 1899.

ACTION in equity to quiet title. Decree for plaintiff. Defendants appeal.—*Reversed.*

*H. C. Hemenway* for appellants.

*H. E. Long* for appellee.

WATERMAN, J.—The property in dispute consists of lots 6, 7, and 8 in block 8 in Cameron's Second addition to Cedar Falls. Both parties claim title through one Jeremiah Mosher. On May 17, 1869, Mosher executed a mortgage on the property to the Charter Oak Life Insurance Company. In an action in which Annie Stamp, the present defendant (then Annie Kaynor), was a defendant, this mortgage was foreclosed; and at a sale under such decree the property was bid in by the insurance company named, and in due time a deed was executed to it therefor. Plaintiff claims title through a deed from the receiver of said company. Defendant's title comes in this wise: Mosher, by warranty deed, conveyed to one Leddington, subject to the mortgage men-

tioned. Leddington, by like deed, also subject to the mortgage, conveyed to one Winter. Winter and his wife on December 20, 1875, conveyed by similar deed, but with no mention of the mortgage, to defendant Annie Stamp, by her then name of Kaynor.

II. The principal question discussed by counsel is whether the recitals in the deed from the receiver of the Charter Oak Life Insurance Company are *prima facie* evidence of his appointment as such, and of his authority to make the conveyance. This deed recites the pendency of an action in the circuit court of the United States, wherein the Charter Oak Life Insurance Company was plaintiff, the appointment of the grantor as receiver, an order of sale, and the fact of such a sale to plaintiff. The deed also bears this indorsement: "This deed of conveyance is hereby approved. O. P. Shiras, Judge." The admission of this instrument in evidence was objected to by appellants, and the point is now urged that there should have been preliminary proof made of the facts recited, so far as relates to the grantor's right to convey. Appellee relies upon the cases of *Beal v. Blair*, 33 Iowa, 313, and *Henderson v. Robinson*, 76 Iowa, 603, as supporting her claim that the recitals in the deed were *prima facie* evidence of all the facts therein stated. We are not inclined to accept the doctrine thus contended for, on the authority of these cases. In *Beal v. Blair*, the grantor's authority as trustee to make the deed was shown *aliunde*, and the holding was that the recitals in the instrument were *prima facie* sufficient to show that the requirements of the trust deed under which he acted had been complied with. *Henderson v. Robinson* lends some support to appellee's contention. The deed in that case was made by a commissioner appointed by the court in which the action was tried, and the ground of the decision is that a court will take judicial notice of the contents of all its own records. This was announced as a rule of evidence. But it has been overruled, in effect, in this respect, by *Shipley v.*

*Reasoner,* 87 Iowa, 555, in which this court held that it will
not assume, as matter of evidence, knowledge even of the
contents of a pleading in the case on trial, when it has been
superseded by another pleading. The doctrine generally
recognized is that recitals in a deed are not evidence against
a person not claiming under it. 1 Greenleaf Evidence, sec-
tion 23; 1 Phillips Evidence, 217; Starkie Evidence, 578;
*Carver v. Jackson,* 4 Pet. 1-83. In *Hughes v. Holliday,* 3
G. Greene, 30, we held that a recital in a deed, purporting
to be executed by an attorney in fact, of the existence of a
power of attorney, was no evidence of such authority, against
a stranger to the deed; that the power of attorney should be
produced, in order to lay the foundation for the introduction
of the deed in evidence. So we have held that a recital in
a deed that the grantors are the heirs of another is no evi-
dence of such a fact. *Costello v. Burke,* 63 Iowa, 361. See,
also, *Soukup v. Investment Co.,* 84 Iowa, 448; *McCarty v.
Rochel,* 85 Iowa, 427; *Potter v. Washburn,* 13 Vt. 558. In
the absence of a statute, the recitals in an official deed, even,
are not evidence, against strangers, of the facts stated.
*Bowen v. Bell,* 20 Johns. 338; *Seechrist v. Baskin,* 42 Am.
Dec. 251. But appellee claims something for the deed in
question because of the indorsement of approval thereon.
Such an indorsement is not in itself sufficient to dispense
with evidence of the facts recited in the instrument upon
which rests the grantor's authority to convey.

III. The plaintiff claimed attorney's fees, under
chapter 103, Laws Twenty-fifth General Assembly, and was
allowed the sum of fifty-five dollars by the trial court. Addi-
tional fees are now claimed on account of this appeal. By
the statute mentioned it is provided that if the plaintiff,
before action brought, shall request of the defendant a quit-
claim deed, and tender the sum of one dollar and twenty-
five cents, as the expense thereof, then, if defendant fails to
execute such conveyance, and plaintiff is successful, the court
may, in its discretion, tax as part of the costs a reasonable

attorney's fee for the use of plaintiff, not to exceed the sum of twenty-five dollars for the first forty-acre tract or lot, and a further sum, not to exceed fifteen dollars, for each additional forty-acre tract or lot. The request made in this case was in writing, sent by mail. It was directed to defendant Annie M. Stamp, but was received and answered by one George E. Winter, who professed to be an agent for Mrs. Stamp. There is no evidence that Mrs. Stamp had any knowledge of the demand. This statute is penal in its nature. It should be strictly construed. The request for the deed should be made of the party who is to execute the instrument. If it is in any case sufficient to make demand on an agent, it can only be when the agent is vested with power to make a deed. There is no such showing here as to Winter. It does not appear that he had any authority to comply with the request, or to make any response thereto. No attorney's fees should have been allowed.

IV. The objections made by appellee to the record are without merit. As appellee was doubtless misled by the language used in *Henderson v. Robinson,* and thereby induced to rely upon the receiver's deed speaking for itself, we shall remand the case, that she may have an opportunity to offer evidence in its support in the court below.— REVERSED.