Cunningham, P. J.
The facts necessary to a proper understanding of the issues involved in this case are simple, and so. far as it is necessary to. recite them áre substantially as follows: Plaintiffs in error, claiming to be the owners in fee, by mesne Conveyances from the g-overnment, of a certain tract of land, brought ejectment ag-ainst defendant in error for the possession of the same, and introduced in evidence, as the last link in the chain connecting- them with the title of said land, a trustee’s deed in which they and the ancestor of certain of them were the grantees. This trustees’ deed purported to. be executed by two of three trustees, and recited the death of the third trustee. The only evidence of the appointment *205 of the trustees, or the authority under which they assumed to' act, or the death of the one trustee, consisted of Certain recitations in the trustees’ deed. Unless these recitations fall within the doctrine laid down in Carico v. Kling, 11 Colo. App. 349, 53 Pac. 390, and numerous later cases of our own and the Supreme Court, to the effect that the recitals in a trustees’ deed shall be prima facie evidenc’e of the facts therein stated, then plaintiffs in error failed to> prove title, and the trial court properly granted the motion of defendant in error, who was defendant below, for a non-suit, and its judgment in this behalf must be affirmed.
1. An examination of the authorities on this point has convinced us that recitals in an official deed, which it is no part of the officer’s 'duty to make, are not evidence of the truth of the matters so stated; or, in other words, such recitals are prima facie evidence of the facts recited only in so far as they may be material to the execution of the trust by the trustee. — Hill v. Reynolds, 93 Maine 23, 44 Atl. 135, 74 Am. St. 329; Devlin on Deeds, sec. 425.
Even under statutes giving such recitals evidentiary effect, such'statutes apply 'only-to those matters which are required to be recited. — 4 Encyclopedia of Evidence 184. Our conclusion, it is. believed, is not in conflict with any prior decision of the Colorado courts of last resort, in all of which the trust deed from which the trustees’ deed sprung had been introduced in evidence. In Lithgow v. Pearson, 23 Colo. App. 70, 135 Pac. 763, we approved and followed the ruling in Dyer v. Marriott, 89 Kans. 515, 131 Pac. 1185, 43 L. R. A. (N. S.) 93, that:
“When one attempts to derive title to land through the heirs of a former proprietor, the fact of heirship must be proved. This cannot be done by a recital, merely in the deed,' especially where the deed is of recent date, which, at most, amounts to a mere claim of heirship.”
In Carico v. Kling, supra, the case of Beal v. Blair, 33 Ia. 318, is Cited and relied upon. But in Lawless v. Stamp, 108 *206 Ia. 365, 79 N. W. 365, the Iowa Supreme Court distinguishes the Beal case, and ruled that where a deed of conveyance by the receiver of a corporation is offered in evidence, containing recitals of his appointment as receiver, an order of, court of sale, and the fact of sale, and the endorsement of approval on the deed signed by the judge, these recitals were not evidence of the facts recited as against the defendant, who was a stranger to the title which the receiver’s deed purported to convey. The defendant in the instant case claimed title through certain tax deeds, and was therefore a stranger to the title under which the plaintiffs claimed. The rule laid down in Carico v. Kling is believed to be ag'ainst the weight of authority, and for that reason, if no other, ought not to be extended. The general rule seems tO’ be that,
“Except by statute, the recitals in a deed by a public officer are not primary evidence of the facts therein contained as against strangers thereto.” — 4 Encyclopedia of Evidence 184.
We know of no reason for giving greater weight to recitals in a trustees’ deed than in a deed of a public officer, even if it be granted that a trustee, is not a public officer, or to the recitals in a warranty deed. In a warranty deed the recitals essential to a. valid conveyance are prima facie evidence of the facts thus stated, but beyond this point they possess no probative value. It is stipulated in some trust deeds that the recitals made in any trustees’ deed which may result from a sale under the trust deed shall be prima facie evidence of the facts therein stated, but the effect of such a stipulation in a trust deed we are not called upon to determine, sinc'e, as we have already observed, the plaintiffs introduced no trust deed or other instrument evidencing the appointment of the trustees, their immediate grantors.
2. Since the recitations by the two trustees who purported to act in this case that the third trustee had deceased is not proper evidence of that fact, it becomes necessary t0‘ determine what, if any, title was conveyed to the plaintiffs by *207 the trustees’ deed which two of the three trustees assumed to execute and deliver to them.
“In the case of a private trust, as distinguished from a public or charitable trust, where there are several trustees and all have accepted and are exercising the office, their powers, interest, and authority are equal and undivided;'they cannot act separately, but must act as a unit, except where authority to act is' given to a majority of the trustees by statute, or by the instrument creating the trust, or, possibly, except in the case of an urgent emergency.” — 39 Cyc. 307.
There was no allegation or proof that the third trustee who did not sign the trustees’ deed on which the plaintiffs rely had: not accepted the trust, nor is there any evidence that authority had been given to a, majority of the three trustees to Convey the property, nor was there any evidence of an urgent emergency.
In Loveland v. Clark, 11 Colo. 265, 18 Pac. 544, it is said: “Undoubtedly where the grant is to two or more trustees, all must join in the execution of the trust, unless it shall be otherwise provided.”
Where there are several trustees, all must act and join in the deed. — 39 Cyc. 364.
“It is clear that the conveyance by one of the trustees, while the other trustee was acting as such, would not pass the legal title to the premises.” — Learned v. Welton, 40 Calif. 349; 27 Cyc. 1461.
Mr. Beach thus states the rule:
“Where an estate is vested in two' or more trustees it is their duty to act as a body. Where there are only two the act of one is void, and-the same rule applies to the act of the majority where there are more than two co-trustees. In the creating of the trust there is a confidence reposed in all the members of the body of trustees, and the estate is conveyed equally to all. The title vests in the trustees, not as individuals, but as a body. Hence it becomes the duty of each and all of the trustees to unite in the execution of the *208 trust.' The beneficiaries are entitled to the united judgment or discretion, and to- the united action of all the members of the bod)''.” — Beach on Trusts and Trustees, vol. 2, sec. 493; Ridgeley v. Johnson, 11 Barb. 527.
“Where a settlor vests his property in several co-trustees they all .form, as it were, one collective trustee; therefore they must perform their duties in their joint capacity. * * * A deed of land executed by one trustee does not convey his share, as in the case of ordinary joint-tenants. Where a deed was executed by two of three trustees, the burden was put upon the purchaser to prove that the other trustee was dead.” — Perry on Trusts (5th ed.), vol. 1, secs. 411-412; Bumgarner v. Cogswell, 49 Mo. 259; Wilbur v. Almy, 12 How. (U. S.) 180, 13 L. Ed. 944; Sinclair v. Jackson, 8 Cowan 543; Ham v. Ham, 58 N. H. 70; Taylor v. Dickinson, 15 Ia. 483.
In Ham v. Ham, supra, it is said:
“One of two joint trustees cannot, without the consent of his co-trustee, convey or pledge the trust property; and a person taking such conveyance or pledge, with notice of the trust, acquires no title to the property against the trustee.”
3. Counsel for plaintiffs Call our attention to certain language used by this court in Empire Ranch & Cattle Company v. Howell, 22 Colo. App. 391, 125 Pac. 592, wherein we said, in effect, that “if the defendant’s claim of title is bad, then he is not concerned with the defect, if any, in the trustee’s deed, or the antecedent instruments and proceedings upon which it is based.” Upon reflection we are persuaded that the language used in that Case was too sweeping. Similar language is used in Foster v. Clark, 21 Colo. App. 192, 121 Pac. 130. The Foster case was an action to quiet title, wherein the plaintiff, claiming" to be the owner of the fee, was in possession; but where, as in ejectment, the plaintiff is not in possession; and where he fails to prove any title in himself, he cannot recover upon the weakness of his adversary’s title.
*209 For tlie reasons given above, the judgment of the trial court is affirmed.

Judgment Affirmed.