[Civ. No. 4543. First Appellate District, Division Two.—June 18, 1923.]

## CENTRAL SAVINGS BANK OF OAKLAND (a Corporation), Respondent, v. FANNIE D. LAKE et al., Appellants.

[1] EJECTMENT—TRUSTEES' DEED—APPOINTMENT AND SUBSTITUTION OF TRUSTEES—RECITALS IN DEED—PRIMA FACIE EVIDENCE.—In an action in ejectment by the purchaser at a trustees' sale under a deed of trust given to secure the payment of an indebtedness of the trustors to the beneficiary, which deed of trust authorizes the beneficiary to appoint and substitute other trustees, the mere recital in the trustee's deed of their appointment and substitution in the place and stead of the trustees named in the deed of trust does not constitute *prima facie* evidence of that fact.

[2] ID.—ABSENCE OF EVIDENCE—EQUITIES—REVERSAL.—In such an action, where there is a complete absence of proof of the due appointment and substitution of the trustees, section 4½ of article VI of the constitution does not justify the appellate court in affirming the judgment in favor of the plaintiff, even though the equities are entirely lacking in the defendants' case.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge. Reversed.

The facts are stated in the opinion of the court.

Fred W. Lake and Walter R. Dunn for Appellants.

Fitzgerald, Abbott & Beardsley for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them in an action in ejectment. Plaintiff alleged that it was the owner of the property described in the complaint and was entitled to its possession, which was denied by the defendant. It was admitted that on June 16, 1914, title to the property in controversy was in Fannie D. Lake. On that date, she and her husband, F. W. Lake, executed a deed of trust to J. C. Carlston and Arthur L. Harris, conveying the property as security for the payment of a debt of three thousand five hundred dollars owing to the Central Savings Bank of Oakland. The

other defendants claim their interests through subsequent grant of the defendants Fannie D. Lake and F. W. Lake, and the rights of such subsequent grantees need not concern us upon this appeal under the conclusion we have reached.

The deed of trust executed by Fannie D. Lake and her husband to the trustees above named was introduced in evidence by plaintiff as was also a deed from J. C. Carlston and H. C. Sagehorn, as trustees, conveying the property to plaintiff as purchaser at a sale made pursuant to the provisions of the deed of trust of June 16, 1914.

Plaintiff relied upon these documents to establish its title to the property. This being an action in ejectment, plaintiff must recover upon the strength of its own title and not upon the weakness of the claim of the defendants. The only question presented by the record, therefore, is: Do these documents, standing alone, establish plaintiff's title? The particular attack made upon their sufficiency by appellant is that there is no connecting link between the trustee Harris, to whom the property was conveyed by Fannie D. Lake and her husband, and H. C. Sagehorn, who purports to convey to plaintiff as a trustee. Respondent points out that the deed of trust contains a provision as follows: "It is expressly covenanted that the party of the third part may, by resolution of its Board of Directors, from time to time appoint and substitute other trustee or trustees to execute the trust hereby created and upon such appointment either with or without a conveyance to said substituted trustee or trustees by the grantees herein, the survivor of them, their successors or assigns, the new trustee shall be vested with all the title, interest, powers, duties and trust in the premises hereby vested in or conferred upon the said grantee herein, and such new trustee shall be considered the successors and assigns of the grantees herein within the meaning hereof, and substituted in their place and stead. A copy of such resolution, certified by the secretary of the party of the third part (Central Savings Bank of Oakland) under its corporate seal, and acknowledged by either the President or Secretary of the said third party, shall, when recorded in the county in which the property or any part thereof is situated, be conclusive proof of the proper appointment of such new or substituted trustee or trustees."

[1]   The deed which purported to convey title to the plaintiff recited: ''Whereas, the Central Savings Bank of Oakland, a corporation, by a resolution duly and regularly passed and adopted by its Board of Directors, did on the 2d day of January, 1918, substitute and appoint J. F. Carlston and H. C. Sagehorn, trustees in said Deed of Trust in the place and stead of J. F. Carlston and Arthur L. Harris, a copy of said resolution certified by the Secretary and President of said Central Savings Bank of Oakland, a corporation, under its corporate seal, and acknowledged by its President and Secretary, was recorded on the 4th day of January, 1918, in Liber 2643 of Deeds, page 16, in the office of the County Recorder of the County of Alameda, State of California.''

It is maintained by respondent that the recital in the deed by Messrs Carlston and Sagehorn of the regular exercise by the Central Savings Bank of Oakland of the power given to it to substitute trustees is *prima facie* proof of the facts recited. This is the only real question presented upon the appeal. Regardless of the equities between the parties, we are constrained to hold that the plaintiff has not made a *prima facie* case.

Recitals in trustee's deeds which have been taken to be evidence of the facts recited are only those recitals which set out in the acts done in the exercise of the power, such as notice, sale, and the like. They are, necessarily, recitals of acts done by the trustee in exercise of his power. The trustee is ''the accredited historian of his acts under the power.'' (*Hihn* v. *Peck*, 30 Cal. 288.) But in the present case, the only evidence of Sagehorn's status as a trustee (not of his acts in that capacity) is his own recital of it. One does not prove agency by the statement of an agent as to his own power. (*Hubback* v. *Ross*, 96 Cal. 426, 430 [31 Pac. 353]; *People* v. *Dye*, 75 Cal. 108 [16 Pac. 537]); nor can one establish legal title in his grantor by the statement of said grantor in the grant that he has such title. Under like reasoning, plaintiff, in the present action, cannot establish Sagehorn's capacity as trustee and his consequent investiture with the legal title, by Sagehorn's declaration of those facts. Sagehorn attempted to pass the legal title to plaintiff; plaintiff must show that Sagehorn had such title. That can only be done by a showing that he was duly substituted

for the trustee Harris, in whom, jointly with Carlston, the legal title rested upon the showing made by the deed of trust introduced in evidence. True, plaintiff was not compelled to offer the "conclusive proof" of this fact designated by the deed of trust, i. e., a certified copy of the resolution substituting Sagehorn as trustee, duly recorded in the county where the property was situated—but it should have offered some evidence which was competent of the passage of the resolution substituting Sagehorn as trustee, as preliminary to the introduction of the deed executed by him as trustee, purporting to convey the property to plaintiff.

The case of *Page* v. *Gillett,* 26 Colo. App. 204 [141 Pac. 866], seems to be directly in point. That was an action in ejectment, plaintiff claiming title through a trustee's deed. The trustees' deed to the purchaser at the sale was executed by two out of three trustees, with a recital that the third was dead. The recital was the only evidence offered of the death of the third trustee. It was held that the recital was not *prima facie* proof of the death of the third trustee and judgment was for the defendant in the ejectment suit. In the case of *Lawless* v. *Stamp,* 108 Iowa, 601 [79 N. W. 365], it was held that a deed by a receiver with full recitals as to the existence of the receivership and his appointment as receiver was not *prima facie* evidence of these matters. A deed containing a recital of a grant from a previous owner was no proof of such deraignment of title. (*Crump* v. *Thompson,* 31 N. C. 491, 493.) Recitals in a guardian's deed are not evidence that he is a guardian. (*Lumber Co.* v. *Alwood,* 141 Ga. 653, 657 [81 S. E. 1119].) "Recitals in a deed which do not constitute an essential part of the conveyance are certainly not conclusive evidence against a third person of the facts recited; *neither is a recital of the power or authority of the grantor, for the making of the conveyance in ordinary cases, even presumptive evidence of the existence of such power.* Thus to sustain a conveyance executed by an attorney under a power, by an executor under a will, or by a sheriff under an execution, the power of attorney, the will or the execution should be produced, as the best evidence of the power to sell." (*Jackson* v. *Roberts' Exrs.,* 11 Wend. (N. Y.) 422, 425.)

Respondent relies upon the case of *Savings & Loan Society* v. *Deering,* 66 Cal. 281 [5 Pac. 353]. That case states that recitals in a deed executed by the trustees to a creditor who purchased at the sale under a deed of trust, to the effect that the trustee did, as a condition of the sale, permit the creditor to bid and purchase, are *prima facie* evidence of the facts recited, although the deed of trust is silent as to their effect. That case, however, decides that trustees, having the legal title may convey such legal title either in execution of the trust or in violation of the same, and that in an action in ejectment, where only the legal title is involved, it is only necessary to prove that the legal title was conveyed to plaintiff. The foregoing statement suggests the difficulty in the present case. It is only necessary for the plaintiff to prove that it is the holder of the legal title. In order to do that, it must prove that its grantors, Carlston and Sagehorn, were vested with the legal title. No proof is offered of this important matter except the statement of Sagehorn regarding his appointment as trustee, from which it would follow that he would hold the legal title. That statement of his capacity is insufficient to establish it and therefore there was no proof that he was vested with the legal title at the time he executed the conveyance to plaintiff. The legal title must be traced to Sagehorn before it can flow through him to plaintiff and the proof is lacking to establish this connecting link.

[2] This is the type of case where a reversal of the judgment is much to be deplored, as it seems apparent from the record that the equities are entirely lacking in the defendants' case. We do not think, however, that even the wholesome provisions of section 4½ of article VI of the constitution of this state justify this court in affirming a judgment for the plaintiff in ejectment where there is a complete absence of proof of a connecting link in plaintiff's title.

The judgment is reversed.

Sturtevant, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 16, 1923.