Beal v. Blair.

BEAL v. BLAIR *et al.*

1. **Conveyance; DESCRIPTION.** Real estate described in a conveyance as " commencing at the south-east corner of section 21, township 84, range 26," etc., was held sufficient, though the county and State where the land was situated were not named in the deed, it appearing that the township and range as described occurred nowhere else but in the county and State where it was claimed the land lay.

2. **Deed of trust: TO SHERIFF AS TRUSTEE.** A deed of trust " to A, sheriff of the county of B, and to his successors in office," with a like power of sale in case of non-payment of the debt secured, is not to be construed as conferring a power upon A in his individual capacity, but as sheriff, and his successor in office may execute the trust in accordance with the terms of the deed.

3. —— **SALE TO CREDITOR.** Where a deed of trust provides that the land conveyed shall, in case of default of payment of the sum secured, be sold by the trustee at public auction to the highest bidder for *cash*, it is not necessary, where the creditor becomes the purchaser, that he should pay the amount of his bid to the trustee, but it is sufficient if the latter credits it upon the debt secured.

4. —— **TIME OF SALE.** Where the deed provides that sale may be made, upon the trustee giving thirty days' notice thereof, the time of sale is not thereby limited to the day immediately succeeding the expiration of the thirty days, but may be made several days thereafter if made on the day stated in the notice.

5. —— **RECITALS.** A deed of trust duly acknowledged and recorded is admissible in evidence without further proof, and the recitals contained therein are *prima facie* evidence of the facts recited.

Beal v. Blair.

*Appeal from Boone District Court.*

THURSDAY, JANUARY 27.

THIS action was brought by the plaintiff, Cornelius Beal, to recover of and from the defendants certain real estate which now constitutes a portion of the town of Montana, in said county, including the depot grounds and buildings of the railroad company.

The cause was tried to a jury. Verdict and judgment for defendants, and the plaintiff appeals.

The further facts are stated in the opinion.

*John A. Hull, Phillips, Gatch & Phillips* for the appellants.

*Isaac Cook* for the appellee.

MILLER, J. — I. On the trial, the plaintiff gave in evidence a deed of conveyance from R. A. Wayne and wife 1. CONVEYANCE: to himself for the land in controversy, and gave description. evidence showing that he had entered under such deed and remained for several years in possession of the premises conveyed.

The plaintiff here rested his case.

The defendants and appellees then offered in evidence, without objection, a deed from Peter Bunyon to John I. Blair for the land in controversy, bearing date December 31, 1866, conveying the land in dispute to said Blair.

The defendants next offered in evidence the *record* of a deed of trust executed by the plaintiff, Cornelius Beal, and Irene A. Beal, his wife, by which the plaintiff conveyed the land in controversy " to William Holmes, sheriff of Boone county, Iowa, and to his successors in office," in trust to secure to Peter Bunyon the payment of $675 at the end of six months from the date of the deed. The

plaintiff expressly waived the production of the original deed of trust, but objected to the record on two grounds:

1. Because of interlineations in the record of the word "township," preceding the figure "84," and the words "twenty-one," preceding the figure "21."

2. That the deed was void for want of certainty in the description of land intended to be conveyed, and did not describe the land in controversy. Whereupon defendants called L. J. Dume who, being sworn, said: "I have for a long time been deputy recorder of this county. The record of this deed of trust is in the handwriting of A. J. Parvin, a deputy recorder of this county. The interlineations are also in his handwriting, and appear to have been made at the same time the deed of trust was recorded."

The court overruled the objections and admitted the deed in evidence, to which plaintiff excepted and assigns his ruling as error. The appellant, however, urges only the second ground of objection, viz.: That "the trust deed was void for uncertainty in the description of the land sought to be conveyed."

It is urged that the description, "commencing at the south-east corner of section twenty-one (21), township eighty-four (84), range twenty-six (26)," etc., is uncertain.

There can be no uncertainty about this description. Every one in any degree familiar with the surveys and description of lands in Iowa will at once understand that "township eighty-four, north of the base line of range twenty-six, west of the fifth principal meridian," was intended, there being no other township or range in Iowa that can be described as "township eighty-four, range twenty-six."

II. The defendants next offered in evidence a deed executed by George B. Redman as sheriff of Boone county, and as the successor in office of William Holmes, the trustee named in the trust deed, dated April 10, 1862, conveying the prop-

2. DEED OF TRUST: to sheriff as trustee.

erty described in the trust deed, to Peter Bunyon, the *cestui que trust*, in pursuance with the power given in the trust deed. This being objected to by the plaintiff, and the objections overruled, he excepted and assigns this ruling as error.

The first objection is, that the grant in the deed of trust was to William Holmes in his individual capacity and not to him *as sheriff*.

If the grant had been to "William Holmes, sheriff of Boone county, Iowa," without more, there would perhaps be ground for this objection. It might be argued that the words "sheriff of Boone county" were but *descriptio personam*. But the grant is not only to Holmes the then sheriff, but also to his successors in office, showing most clearly that it was the intention of the parties to the trust deed that the person holding the office of sheriff of the county should execute the trust, whether such person was the one named in the trust deed or his successor in the office of sheriff.

At the time of the delivery of the trust deed the title to the land vested in Wm. Holmes, the trustee named, together with the power of executing the trust. But when he ceased to be sheriff of Boone county, the title and power, by the terms of the deed, passed to his successor. The language of the trust deed is, that, "if we pay or cause to be paid to the said Peter Bunyon, etc., the above sum at the expiration of six months from this date, then this conveyance to be void, otherwise we authorize the *said sheriff or his successors in office* to advertise said land for sale," etc. The power to execute the trust, in case of default in payment, is expressly conferred upon the sheriff and his successors in office.

"Parties may fix their own terms to any contract, and may prescribe the manner in which it may be enforced, and sales made in accordance with the terms thus fixed and the manner thus prescribed will be good and valid.

Vol. XXXIII — 41

(Per WRIGHT, C. J., in *Cook and Sargent* v. *Dillon*, 11 Iowa, on page 597.)

We have examined the cases cited by appellant's counsel in support of their position, and find that none of them hold the doctrine contended for, or conflict with the views above expressed.

III. It is urged in argument that the trustee could only sell for " cash in hand."

The recital in the deed from Redman, the successor of Holmes, is, that he offered the land, " described in the trust deed," for sale at public auction to the highest bidder for *cash in hand*, at which time and place Peter Runyon bid, etc., " and *that* being the highest and best bid offered for said land, the same was struck off and sold to the said Peter Runyon, etc.," and, " for the purpose of carrying said trust deed and sale into effect, for the consideration of" the sum bid credited on the sum still due, and the sum of one dollar to me paid, I do hereby sell and convey unto the said Peter Runyon, etc.

3. —— sale to creditor.

While it is true, generally, that a trustee or sheriff must sell for cash, that he cannot sell on credit, it is also true that when the creditor — the person entitled to the money — is the purchaser, the law does not require that the money shall be paid over to the trustee or sheriff, to be by him immediately returned. A sale under such circumstances extinguishes the debt to the amount of the sum bid, which is all that could be accomplished by the passage of the money from the creditor to the officer, and by the latter back to the former. Such useless ceremony is not required.

IV. It is insisted that the trustee could only sell on the *thirtieth* day after first advertising the lands for sale, and that the sale being held on the thirty-third day thereafter, it was therefore void. The deed recites that the notices of sale were posted on the 7th day of March, 1862, stating that the sale would be

4. —— time of sale.

held on the 10th day of April following; and it also recites that the sale was so held on the 10th day of April.

The deed of trust authorized the trustee to advertise said land for sale at three public places in the town of Boonsboro thirty days *before* sale, and then sell," etc. The sale could not take place legally on the thirtieth day. It was required to be advertised for thirty days *before* the sale, and then, after advertising for thirty days, he was to sell, but how many days *after* the deed of trust does not specify. The sale was on the third day after the same had been advertised for thirty days, and on the day named in the advertisements. In this respect there was a strict compliance with the requirements of the deed of trust.

V. It is next insisted that the recitals in the deed from Redman to the purchaser were not evidence of the facts recited.

It was proved *aliunde* that George B. Redman was the sheriff of Boone county at the time of the execution of the trust created by the trust deed. The recitals show a full and strict compliance with the terms of the deed of trust. The deed made by the trustee to the purchaser was duly acknowledged and recorded, and, under section 4001 of the Revision, was admissible in evidence without further proof. There was no evidence offered tending to impeach any of the recitals of the deed. We are, therefore, of opinion that, as the statute makes the deed, when properly acknowledged and recorded, admissible in evidence without further proof, the recitals are *prima facie* evidence of the facts recited, so far as material to the execution of the trust by the trustee.

5. —— recitals.

VI. The questions made on the giving and refusal of instructions are the same as those already noticed. The charge of the court was in accord with the foregoing views and there was no error in refusing instructions expressing contrary views.

Upon the whole case it appears that the trustee strictly pursued the powers conferred by the plaintiff in the trust deed, and the evidence shows, and the jury found specially that, upon the sale of the land by the trustee, the plaintiff voluntarily surrendered possession to the purchaser and has acquiesced in the sale for seven years, and that now, after the lapse of so long a time and numerous innocent persons have become purchasers of different portions of the premises, the plaintiff seeks to recover it back on purely technical grounds, none of which, as we have seen, are tenable. The judgment is in accordance with the law and with justice.

Affirmed.

DAY, J. — A rehearing of this case was granted, upon the petition of appellant, solely on the point therein made as to the uncertainty in the deed of trust through which defendant's title is derived.

A careful reconsideration of the question presented leads us to adhere to the conclusions of the opinion already announced.

Appellant insists that, while there are no other lands in *Iowa* which answer the description in the deed, yet there is nothing in the deed to show that the lands are *situated in Iowa*.

Appellee insists that, as a matter of fact, there are no lands in the United States to which the description is applicable, except in Boone county, Iowa. Not having the means at hand of verifying this statement, we applied to the commissioner of the general land office for a statement of the fact, and received information that the combination of township and range, as described in this deed, to wit: Township 84, range 26 occurs nowhere in the United States, but in Iowa, north of the base line, and west of the fifth principal meridian. This settles the certainty of the description beyond doubt or argument.

There is no other point in the opinion requiring additional notice.

Affirmed.