Ingle v. Jones et al.

3. INTOXICAT-
ING liquors:
school fund:
pleading.

---

INGLE v. JONES ET AL.

1. **Pleading:** IN EQUITY: EVIDENCE. Pleadings containing references to the evidence, and explanations of the same intended to lead to a proper understanding of the facts set out, are admissible in chancery actions.

2. ———: FORM OF DENIAL.. A paragraph containing a denial of "each and every allegation in the answer and cross bill in any wise material, not already admitted or denied," is not vulnerable to a motion to strike out.

3. **Evidence:** ADMISSIBILITY OF RECORD. Upon proof that a deed of trust had been sent to another county, and was there in the possession of the court, the record of the deed was properly admitted.

4. **Trust Deed**: SALE OF REALTY: VALIDITY OF. Where two trust deeds, covering different tracts of land in different counties and executed to secure different debts, were executed in favor of the same *cestui que trust* and appointed the same trustees, who afterwards disposed of the lands at a single sale: *Held*,

    1. That, the parties in interest being the same in both deeds, the manner of the sale was without prejudice to the representative of the grantor of the power.

    2. That a sale by trustees which is not fraudulent in purpose and is made in the exercise of an honest, though mistaken, discretion is not void.

    3. That the legatee of the grantor could not ask to have the sale set aside until she had tendered the sums secured by the deed of trust.

5. ———: ———: PLACE OF. That the sale was made at a place outside of the state in which the lands were situated, upon notice of publication there made, would not invalidate it in the absence of proof that the parties in interest were prejudiced thereby.

6. ———: ———: EN MASSE. The trustees were authorized, in the exercise of their discretion, to sell the lands *en masse*, and the presumption will not be entertained that a sale in any other manner would have realized more.

7. ———: DEED BY TRUSTEES: RECITALS. The recitals in a deed executed by the trustees are *prima facie* evidence of the facts they recite.

8. **Parties**: WHO MAY NOT INTERVENE. One who was sole legatee of her husband, and has conveyed all his interest in lands which had previously been sold under a trust deed, cannot intervene in an action by the purchaser to quiet his title, and ask that the sale be set aside.

*Appeal from Monona District Court.*

WEDNESDAY, JUNE 7.

ACTION in chancery to quiet the title of certain lands held by plaintiff. There was a decree rendered granting the relief prayed for in the petition. Defendants appeal. The facts of the case fully appear in the opinion.

*Dashiell & Andrews* and *Culbertson & Jones*, for appellants.

A cross bill which consists of direct and positive statements can only be controverted by a general denial of each allegation, or by a specific denial of the particular allegation the plaintiff wishes to put in issue. (*Cottle v. Cole*, 20 Iowa, 483.)

Even if it was proved by competent testimony that the original deed was on file as evidence in another county, this would not authorize the introduction of the record. (*Williams v. Heath*, 22 Iowa, 519; *Ackley v. Sexton*, 24 Id., 320; *Byington v. Oaks*, 32 Id., 489.) It has been held by implication that the grantee may make the plea of usury in conjunction with the grantor. (*Hollingsworth v. Swickard*, 10 Iowa, 385; *Frost v. Shaw*, 10 Id., 492; *Perry v. Karns*, 13 Id., 174.) In sales under deeds of trust every requisite having the semblance of benefit to the owner must be complied with. (*Sears v. Livermore*, 17 Iowa, 300.) The debtor has the legal right to insist upon a strict and literal compliance with the terms of the deed of trust. (2 Washb. on Real Prop., 3 ed., 83; *Perry v. Cook*, 19 Iowa, 543.) The law requires that the conditions of sale in a trust deed shall be literally and strictly fulfilled. (2 Am. Law Rev., N. S., 714; *Perry v. Cook, supra;* *Dutton v. Cole*, 10 Iowa, 408.) The sale was oppressive and illegal because the land was not sold in parcels. (*Boyd v. Ellis*, 11 Iowa, 97.) The right to object to the sale has not been lost by delay. (*Williams v. Allison*, 33 Iowa, 279.)

*Perry & Townsend*, for appellee.

A contract can be avoided only by the party in interest. (1 Story's Eq., 6 ed., 316.) No one but a *cestui que trust* can avoid the act of a trustee. (Ib., 321–2; *Gallatin v. Cunningham*, 8 Cow., 361; *Wiggins ex parte*, 1 Hill Ch., 853; *Price v. Nesbitt*, 1 Id., 445.) Where the creator of a trust points out no mode of its execution, a trustee will discharge himself by the exercise of a reasonable diligence and discretion. (*Hester v. Hester*, 1 Dan. Ch., 328.) A trustee's deed duly acknowledged and recorded is admissible in evidence without further proof, and the recitals therein contained are *prima facie* evidence of the facts recited, so far as material to the execution of the trust by the trustee. (*Beal v. Blair*, 33 Iowa, 318.) The notice of sale is sufficient if the description is reasonably certain. (*Newman v. Jackson*, 12 Wheat.) The trustee may or may not sell *en masse*. (*Shine v. Hill*, 23 Iowa, 254.) Proof of fraud is necessary to invalidate such a sale. (*Singleton v.*

*Scott*, 11 Iowa, 589.) Every presumption obtains in favor of the act of the trustees making the sale. (*Brewster v. Stricker*, 2 Comst., 19.) The *cestui que trust* alone can avoid the sale, and this he must do within a reasonable time. (Carter's Appeal, 15 Pa., 292; Hill on Trust, 159.) A purchaser of trust property from a trustee having power to sell is not bound to see to the application of the purchase money. (*Redheimer v. Pyson*, Spear's Ch., 134.)

BECK, J.—The plaintiff's title to the lands in controversy, which are situated in Monroe county, is traced to Bernhart Henn, who executed a deed of trust thereon to William B. Todd and William Nourse, trustees, of Washington City, to secure the payment of a promissory note payable to Joseph Ingle. Elizabeth S. Henn, wife of Bernhart Henn, joined in the execution of the deed of trust. Henn and Ingle both departed this life and, the promissory note secured by the deed of trust remaining unpaid, the lands were sold by the trustees to the plaintiff. Elizabeth S., the widow and devisee of Henn, conveyed the lands to defendant Jones, who now claims title to the property. The petition sets up the facts upon which the plaintiff bases his title, and avers that it is good and valid, and prays that it may be quieted against the claim of defendant Jones.

The validity of plaintiff's title depends upon the regularity and sufficiency of the trustees' sale of the land; no other link in his chain of title is brought in question. We can more speedily and satisfactorily dispose of the questions involved in the case by considering the objections raised against the sufficiency of the trustees' sale by the defendant. Two or three preliminary questions, involving the correctness of the District Court's rulings upon a motion assailing the pleadings and the admission of evidence must, however, be first considered.

I. The defendant moved to strike out a paragraph of plaintiff's reply to defendant's cross bill on the ground that it is

1. PLEADING: in equity: argumentative- ness.

argumentative and hypothetical. The motion was sustained as to part of the paragraph. The defendants insist that the whole should be stricken out. We think the pleading is not bad, and, as to those parts

Ingle v. Jones et al.

of it permitted to stand, the motion was properly overruled. The paragraph is intended to present an account of the payments and credits upon the note secured by the deed of trust, and while it presents reference to the evidence upon which plaintiff's theory is based, found in letters of Henn inclosing remittances, and explanations thereof, it is intended to assist in the proper understanding of the facts. Pleadings of this character are not unusual in chancery actions.

II. A denial of plaintiff to the allegations of the cross bill is in these words: "He denies each and every allegation in the answer and cross bill in any wise material in this case not already admitted or denied." A motion to strike out these words on the ground that they are unintelligible and do not amount to either a specific or general denial was overruled. This is substantially the old form of a traverse in equity pleading, omitting the *absque hoc.* Blake's Chy. Practice, 120; Story's Eq. Pleadings, Sec. 871, note 4 While it is probably not recommended by its antiquity, it is by no means unintelligible as a denial of matters that ought to be answered, which have not been, in the course of the answer, either admitted or denied.

2. ———: form of denial.

III. The court below admitted the record of the deed of trust found in the proper book of records of deeds of Monroe county, upon the evidence of plaintiff's attorney accounting for its absence in this way: It had been sent to Monona county to be used in evidence in a corresponding case there and, at other terms of court, it had been returned to the witness to be used in this case. The witness having again sent it to Monona county, it had not been sent back in response to his demands, for the reason, as he was informed, that it had been used in evidence in the case pending there, and was then in the hands of the court. An affidavit of the attorneys in Monona county was admitted to be read by the court, against defendants' objection, which showed that the deeds had been introduced as evidence in the cause in that county and was on file as a part of the evidence. It is unnecessary to pass upon the competency of this *ex parte* affidavit. The testimony of the other witness sufficiently proved

3. EVIDENCE: admissibility of record.

that the deed was not under the control of the plaintiff; it had been sent by him to be used in another court; it is shown not to have been in plaintiff's possession or under his control. The record was, therefore, competent evidence. Code, Sec. 3660.

IV. The deed of trust upon the lands in question was 4. TRUST deed: executed August 5th, 1868, to secure a promissory sale of realty: validity of. note for $5,000. It covers lands in Warren and Monroe counties. On the 19th day of August, 1858, Henn executed to the same trustees another deed of trust upon lands in Monona county, to secure the same *cestui que trust* for another advance of $5,000, for which another promissory note was given. The conditions and terms of these separate trust deeds were similar, if not identical. On the 13th day of March, 1866, the trustees sold upon both deeds of trust all the lands described separately in each, default having been made in the payment of the notes secured thereby. It is now insisted, the fact that there was but a single sale of all the lands upon the two trust deeds, defeats plaintiff's title.

It is not made to appear that any prejudice resulted to the representative or devisee of Henn by the sale in this manner. The sum realized from the sale of the lands was less than the amount due on either note. But it is not shown, and we cannot presume, that all the lands were sold upon either one of the two deeds of trust; we will rather presume that the trustees, in the exercise of the power conferred upon them, sold the lands in each county upon the trust deed covering it. Now if the application of the proceeds of the respective lands was not correctly made upon the several notes, no prejudice was wrought to any one, for all parties were interested in each note alike. The sale being made under proper power, without prejudice to the devisor and representatives of Henn, they can have no cause to complain of the manner of sale, which is made the foundation of the objection under consideration.

It may be remarked, in this connection, that it is neither claimed nor shown that the acts of the trustees, the *cestui que trust*, or the plaintiff, in any matter pertaining to the sale and purchase of the lands, were fraudulent in purpose. The

good faith of all, we think, cannot be questioned. It is not shown that a sale of the lands, at a different place or in a different manner, would have realized a greater sum. The acts of the trustees at most, so far as they failed to comply with the requirement which defendant's counsel insist upon, were done in the mistaken exercise of the discretion with which they were clothed by the deed of trust. The sale of the lands in pursuance of such exercise of discretion was not void.

If the matters complained of were of such a nature that, within a proper time, Mrs. Henn could have caused the sale to be set aside, she could not do so without tendering or offering to pay the sums secured by the deeds of trust. While asking equity she must do equity. Plaintiff, who has committed no fraud, whose title is based upon the *bona fide* exercise of power possessed by the trustees, will not be dispossessed of the land now and required to attempt the collection of his debt, when it is very questionable whether he has any remedy on account of the bar of the statute of limitations standing in the way. Jones' rights and equities are not superior to those which Mrs. Henn would hold had she not conveyed the land. See *Ingle v. Culbertson*, 265, *infra*, a case involving the title of the Monona county lands referred to, based upon the same trustees' sale brought in question in this action. These principles, it will be observed, are applicable to other objections raised by defendants, which need be but briefly noticed.

V. By the express terms of the deeds of trust, the sales under them are to be made at public auction, at such place and upon such publication as should be determined upon in the exercise of the discretion of the trustees. The sale was made in Washington City, and the notices of sale were published in a newspaper printed there. It is not shown that any prejudice resulted to either party by the exercise of the discretion of the trustees in ordering these things. When such matters are left to the discretion of trustees, their action, if fair and prejudicial to neither party, will be upheld.

VI. The lands were sold *en masse*. This was not forbid-

den by the terms of the trust deed, and it is not shown that
the grantor or his representatives were prejudiced

6. ——— : ——— :
en masse.

thereby.   It does not appear that the lands would
have brought a better price if offered in separate tracts, and
we can exercise no presumption that the property did not
realize all that it could have been sold for at a sale conducted
an any other manner.   *Singleton v. Scott*, 11 Iowa, 589;
*Shriner v. Hill*, 23 Id., 264.

VII.   The deed executed by the trustees to plaintiff con-
tains recitals showing that the requirements of the trust deed

7. ——— : deed
by trustees :
recitals.

were followed in the sale and proceedings prelim-
inary thereto.   These are *prima facie* evidence
of the facts they state.   *Beal v. Blair*, 33 Iowa, 318.

In the absence of contradictory proof, we must regard the
matters referred to as sufficiently established.

VIII.   It has been before stated that defendant claims
title to the land under a conveyance of the widow of Henn,

8. PARTIES :
who may not
intervene.

who is the sole legatee.   She filed a petition of
intervention, setting up that the sale is void on
several grounds alleged by her—that the notes to secure
which the deeds of trust were given were usurious, that large
amounts were paid thereon, that after the trustees' sale plain-
tiff has sold part of the real estate acquired thereunder, for
which he should be held to account to intervenor, who is the
executor of the estate of her deceased husband.   She also
alleges that the estate is insolvent.   Upon a demurrer to this
petition the District Court held that it presented no facts
upon which the petitioner was entitled to relief, and it was
accordingly dismissed.

We are not required to examine the petition now to de-
termine whether it alleges sufficient facts upon which, if
proved, we would be required to set aside the trustees' sale,
for the reason that the petitioner is shown to have no interest
whatever in the lands.   She has conveyed them to the defend-
ant and she does not claim that she has any interest in them.
So far as the title of the land is concerned she cannot come into
court as a mere volunteer to aid defendant in defeating plain-
tiff's title.   She does not show that the estate, of which she

is an executrix, would be in any way benefited by the success-ful prosecution of the petition of intervention.    In this action which involves the title of the land, she cannot, setting up no claim thereto, bring into it as an intervenor matters of account or claim against plaintiff.    If she has valid claims of this character, she can prosecute them in a manner sanc-tioned by the law.

We must decline, therefore, to examine the merits of her petition, as she is entitled to no relief in this action.

The foregoing discussion disposes of all questions necessary to be considered in reaching a conclusion in this case.    The decree of the District Court is

