Wilson, J.
This was a suit of unlawful detainer instituted by plaintiff Page before a justice of the peace to oust defendant from the possession of certain real property, of which he claimed to be the owner and entitled to possession by virtue of his being the purchaser at a foreclosure sale, under a deed of trust in which he was the beneficiary. The complaint contained the usual averments, showing title in plaintiff, also a demand for possession, and a failure to vacate. The defendant filed an answer under oath, denying the execution of the note, and the deed of trust; denying on information and belief the advertising of the property for sale, the sale, and purchase by plaintiff, and the execution of the trustee’s deed to plaintiff ; admitting that she was in possession, but denying on information and belief the personal service upon her of a written demand for the possession of the property as alleged in the complaint; and also setting up as an affirmative defense that the appellee had not called upon her to receive possession in accordance with his demand, and that she did not know where he resided, so as to turn possession over to him. The case was certified by the justice .to the district court. Trial was there had, when the plaintiff introduced in evidence the *454 deed of trust, the trustee’s deed, and the return of service by the constable upon the written demand for possession. Defendant declined to offer any evidence, and thereupon judgment was rendered in behalf of the plaintiff.
The recitals in the trustee’s deed as to the advertisement of the sale and the sale itself, were prima facie proofs of these matters, and the plaintiff was not required to offer any further evidence to support them when the defendant as in tins instance failed to offer any evidence to the contrary. Carico v. Kling, 11 Colo. App. 349.
The denial upon information .and belief of the personal service upon defendant of the demand for possession was no denial at all. This was a matter peculiarly and exclusively within the personal knowledge of the defendant, and a court -will not permit itself to be trifled with by an attempted denial of such matters upon information and belief.
The allegation'in the answer that defendant was not able to surrender and deliver up to plaintiff possession of the premises described in the demand, because she was not acquainted with him, and did not know his place of residence, constitutes no defense at all. No livery of seizin was necessary, and all that was necessary for defendant to have done in order to have complied with the demand was to have vacated the premises. It was not necessary for the plaintiff, either in person or by agent or attorney, to call upon her at the premises on the day designated in the demand, or at any time, 'and receive formal surrender of possession. The objection that the demand for possession was insufficient and defective because it was signed, “ Henry W. Hobson, Attorney for Demandant, William Byrd Page,” is a mere technicality without force. The body of the notice clearly informed the defendant that Page was the purchaser and owner of the premises, and that it was he who' demanded possession. A notice to quit purporting to be by a landlord’s attorney is good. Felton v. Melland, 81 Cal. 540. We see no difference in principle between this rule which prevails hi the case of landlord and tenant, and in the case at bar. Moreover, our *455 statute expressly provides that tbe demand for possession may be signed by the agent or attorney of the person claiming such possession. Laws, 1885, p. 226, sec. 5.
The allegation in the answer that the defendant is not guilty of unlawful detainer does not raise an issue. That is a conclusion of law. It is contended that plaintiff should have offered some evidence to show that defendant had failed to deliver the possession to him in response to his demand. This was not necessary, because the defendant admitted in her answer that she was in possession. Defendant also contends that the complaint should have been dismissed because there was no prayer for ouster. If there is any merit in this objection, it should ,have been raised by special demurrer. This was not done, and it is too late to raise it in this court.
We have not deemed it necessary to consider all of the assignments of error seriatim, but the foregoing remarks substantially cover all of the points which are attempted to be made. We fail to see where there was any error whatever in the trial of this cause, or in the judgment of the district court, and it will be affirmed.

Affirmed.