Cunningham, Judge.
1. Appellee, as plaintiff below, brought his fiction in ejectment. The answer was a general denial. Six months thereafter the defendant company filed what is denominated. a supplemental answer, wherein it sets up as a defense the payment of the taxes on the land in question for the year 1907, and on this new fact thus plead defendant attempts to invoke the seven-year statute of limitations. The payment of the taxes plead in the supplemental answer having been made after plaintiff filed his complaint, cannot avail the defendant as a defense, and we need not further consider any contention based on the statute of limitations.
2. On the trial plaintiff, to support his claim of title, introduced a patent from the government, a trust deed from the patentee, and a trustee’s deed running to himself and based upon a foreclosure of the aforesaid trust-deed. The trustee’s deed contained the usual recitations authorizing the trustee, who was a substituted trustee, to act. Defendant strongly objects to' the trustee’s deed, insisting *391 that the recitations therein are not binding on it, since it, the defendant, claims paramount title by virtue of a tax or treasurer’s deed. If the title of defendant be paramount, then it cannot be dis-turbed or injured by the introduction of the trustee’s deed; at most its introduction would be immaterial. If the defendant’s claim of title is bad, then it is not concerned with the defects, if any, in the trustee’s deed, or the antecedent instruments and proceedings upon which it is based. Foster v. Clark, 21 Col. App. 192; 121 Pac. 130. Moreover, it has been expressly ruled in this state that the recitations of a trustee’s deed are prima facie evidence of the facts therein stated, even where the deed of trust does not in terms so provide.
Carico v. Kling, 11 Colo. App., 350, and cases there cited.
No evidence having been offered by the defendant, tending in any wise to contradict or impeach the recitals in the trustee’s deed offered by plaintiff, we must hold that he made sufficient proof of his title to put the defendant on his proof.
3. The defendant based its title on two tax deeds and a decree of the county court purporting to quiet title to the land in question in defendant. The decree of the county court plead was based on substituted service in which the affidavit for publication failed to state the post office address of the defendant, or that same was unknown to the affiant. Under the rule announced in Empire & C. Co. v. Coldren, 51 Colo., 115; 117 Pac., 1005, which rule has been later followed by the supreme court, the decree of the county court plead by the defendant was, because of the defect in the affidavit of pub *392 lication, void and properly excluded by the trial court. There are other fatal defects pertaining to the decree of the county court, which we need not consider.
4. The first tax deed offered by the defendant was offered merely as color of title; therefore we need not further consider it. Indeed, it does not appear in the bill of exceptions, except by the mere-est reference. The second tax deed offered by defendant in support of its title is clearly void on its face for several reasons, but one of which we shall, consider. According to the recitals in said deed, the land therein described and involved in this case, was sold to the county on the first day it was offered for sale. The recitals supporting this statement are (omitting unnecessary phrases) as follows :
“WHEREAS the treasurer of said county did on the 31st day of October, 1896 * * * severally expose to public sale * * * the several parcels of real property above described; * * * and whereas, thereupon the said treasurer * * * did offer and re-offer for sale from day to day until the 31st day of October * * * said treasurer did bid it off at such sale,” etc.
It is true the phrase “from day to day” 'would indicate that the land was offered for sale on different days, were it not for the fact that it appears clearly from the language preceding this phrase that October 31st (which it is recited was the last day of the tax sale) was the first day that the land in question was reached and offered in the tax sale proceedings.
The numerous opinions involving tax titles, and *393 questions pertaining thereto, that have been recently rendered by the supreme court, and by this court,, make it unnecessary to pass upon all the questions that are presented by the record in this case. •
Decided June 10, A. D. 1912.
Rehearing denied July 8, A. D. 1912.
The judgment of the trial court is correct, and should be affirmed.

Affirmed.