[No. 3407.]

## EMPIRE RANCH AND CATTLE CO. v. STRATTON.

1. WORDS AND PHRASES—"*Or*." A conveyance of lands to a trustee named, "*or* his successor in trust" is not void for uncertainty. "Or" is construed as "and."

2. TRUST DEED—*Substitution of Trustee—Recitals of Trustee's Deed.* A deed of trust of lands provides that the recitals in the deed of the trustee, executed pursuant to the powers of the trustee, shall be *prima facie* evidence of the facts stated therein. A deed purporting to be executed by a substitute trustee, reciting his appointment in apparent conformity to the provisions of the deed of trust, by one declared to be the legal holder of the promissory notes secured by the deed of trust, will be accepted as *prima facie* evidence of the regularity in all respects of the appointment of such substitute.

3. *Ejectment—Judgment—Cancellation of Tax Deed.* The judgment in an action of ejectment may extend to · the cancellation of a void tax deed. *Rustin v. M. & M. T. Co.*, 23 Colo., 351, followed.

But the decree must be limited in its effect to the particular lands demanded in the action. *It is not to be extended to other lands described in the deed.*

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. B. H. GILMORE, for appellant.
Mr. JOHN F. MAIL, for appellee.

CUNNINGHAM, Judge.

Appellee (hereinafter referred to as plaintiff) brought her action in ejectment in the district court of Washington County, alleging ownership in herself, and the wrongful detention by appellant of the north west quarter of section eleven, township two north, range fifty-one west, Washington County, and asking that she be let into possession. The answer was a general denial. On the trial the plaintiff, to prove ownership, introduced a United States patent to James M. Hunt; a trust deed from Hunt to George W. Toms, trustee, to secure a note payable to the order of Charles A. Stillman. The plaintiff also introduced a paper purporting to appoint W. S. Stratton as substituted trustee, and a trustee's deed from the said Stratton to herself. The defendant relied upon a certain tax deed which it offered in evidence, but which was excluded by the trial court upon objection made by plaintiff. The tax deed was void on its face, and therefore properly excluded. Inasmuch as the tax deed was invalid for reasons that have been frequently considered and disposed of by this court, and in the supreme court, in cases in which both counsel for plaintiff and defendant have appeared, no good purpose will be subserved by our pointing out such defects, and we shall accordingly limit our consideration of the case to the various objections urged by

counsel for appellant to the instruments upon which plaintiff bases her claim of title.

1. The trust deed from the patentee Hunt to Toms, contains a phrase in the granting clause reading as follows: "Has and hereby does grant, bargain, sell and convey unto said party of the second part or his successors in trust" the land described. Appellant insists that because in the phrase quoted the disjunctive conjunction "or" is used, that the trust deed is void for uncertainty as to the grantee. In support of this contention, counsel for defendant has presented an able argument, in which he says: "This must be decided on principle, because we believe no precedent can be found in the books." We are not disposed to agree with the conclusion of counsel that the question is a novel one. In Vol. 6, Words and Phrases, beginning at page 5002, will be found many pages of citations and quotations dealing with the word "or" and its construction. We shall call attention to but one case, viz: *White v. Crawford,* 10 Mass. 183-7, where the following appears:

" 'Or', as used in a deed stipulating that the grantor 'or' his heirs should have the privilege of a road to pass and repass from the highway, should be construed to mean 'and'. To effectuate the intention of the parties it is not unusual to construe 'or' as 'and' ".

A celebrated English judge has said that there is no magic in particular words, further than as they show the intent of the parties. From the trust deed in which the phrase objected to occurs, it is easy to gather that it was the intention of the grantor therein named to vest the legal title of the property in

Toms, with power, upon certain conditions therein name and hereinafter referred to, to the owner of the notes secured by the trust deed, to substitute a trustee for the said Toms. We think appellant's objection to the trust deed is untenable.

2. The trust deed to which we have called attention, contained the following clause:

"AND IT IS FURTHER AGREED, by the party of the first part, that in case of death, * * of the said party of the second part, at any time when action under the foregoing powers and trusts may be required, then the legal holder or holders of said note shall have the option of substituting any other person in his stead by writing duly acknowledged, and the actions and doings of said party so substituted shall be as effectual and binding as if done by said party of the second part. And such person so substituted shall have power * * * to make sale as hereinbefore provided."

On the trial the plaintiff introduced an instrument denominated "Substitution of Trustee", which instrument was signed and acknowledged by the plaintiff, and thereafter placed of record in the county clerk's office. This instrument recited, among other things, that Toms, the original trustee, had died, and that plaintiff was the legal holder of the note secured by the trust deed. The trustee's deed introduced by plaintiff, being the instrument upon which she relied for her title to the premises, among other things, contained the following recitations:

"That, whereas, the said George W. Toms is deceased, and Mary E. Stratton, the legal holder of

said note, has, by writing, substituted the said W. S. Stratton as trustee,'' etc.

The note secured by the trust deed was not offered in evidence, nor was there any proof whatever offered to establish the transfer of the note by the original payee or the ownership of the same by the plaintiff, other than the instrument known as the Substitution of Trust, and the trustee's deed. It is probable that the instrument known as the Substitution of Trust was not competent to prove the transfer of the note to the plaintiff, or her ownership thereof. Therefore, it becomes necessary for us to consider and determine whether the recitals in the trustee's deed are *prima facie* proof of such ownership and sufficient, in the absence of any evidence tending to contradict said recitals, to establish plaintiff's title to the land. In *Carico v. Kling,* 11 Colo. App. 349, it is said: ''Even where the deed of trust does not provide that the recitals in the trustee's deed shall be *prima facie* evidence of facts therein stated, it is held that such recitals are *prima facie* proof of the matters stated in them.

Citing: *Beall v. Blair,* 33 Ia. 318; *Ingle v. Jones,* 43 Ia. 293; *Saving & Loan Society v. Deering,* 66 Calif. 286; *Tartt v. Clayton,* 109 Ill. 585.

The following provision appears in the trust deed before us: ''And it is agreed that the recitals in said deed (referring to the trustee's deed made either by the original trustee or his successor) shall be taken and accepted as *prima facie* evidence of the facts therein stated.''

In *Webster v. Kautz et al.,* No. 3441, recently decided, we had before us a trust deed in form substantially the same as the one here under considera-

tion. In his opinion, Walling, Judge, speaking for the court, said: "Under the circumstances disclosed by the record, the plaintiff was not required to show a perfect and indefeasible title, and it does not appear that the defendant had any possible interest in the objections urged against the sufficiency of the plaintiff's proof."

And again: "It is not necessary that the written appointment (of the substituted trustee) should have stated any reason for such substitution; and even if the writing executed for the purpose had stated an insufficient ground for action by the holders of the note, the evidence of a valid cause for making the appointment might nevertheless have been shown by competent proof. Such proof was supplied by the recitals of the trustee's deed."

Counsel for defendant, in his brief, drew an alarming picture of the results that may follow a holding that the recitals in the trustee's deed before us are *prima facie* sufficient proof of the matters stated in them, and states in his brief:

"If it were not for the high standing and reputation of the plaintiff's distinguished counsel, we should positively assert that the plaintiff knows that, as a matter of *fact,* as well as *law,* Charles W. Stillman (the original *cestui que trust*) is still the owner of that note, and George W. Toms is still a living man, and that the plaintiff has no interest whatever in this case."

This is a serious insinuation, but one which we can hardly be expected to accept in lieu of proof. Plaintiff filed her case on September 16, 1907. The trial occurred July 3, 1908, more than nine months thereafter. The decree of the court appears not to

have been filed in the district court until November 16, 1908. The brief from which the above quotation is taken was not filed in the supreme court until April 10, 1909. If there be any basis for the intima-- tions appearing in the excerpt which we have made from its brief, it would appear that ample time had elapsed between the filing of the complaint in the district court, and the submission of the case on the briefs in this court, to enable the defendant,.in some appropriate manner, to present the facts to the trial court, or to this court. Under the statute the de- fendant had a right to call the plaintiff, and put her on the stand, under oath, and compel her, as on cross-examination, to give testimony on all the mat- ters to which it has directed our attention in the quotation which we have made from its brief.

3. Appellant complains in its brief of the ac- tion of the trial court in decreeing a cancellation of its tax deed, and insists that because the action was in form in ejectment, that equitable relief could not be granted, and that the trial court was without power or authority to annul its tax deed. The rule announced in the case of *Rustin v. M. & M. T. Co.,* 23 Colo. 351, appears to overthrow the contention of counsel, and the Rustin case was an action in eject- ment. But in this connection, it may be well to call attention to the fact that the tax deed or deeds can- celled by the decree of the trial court described sev- eral tracts of land not involved in this case. The effect of that clause of the trial court's decree can- celling the tax deed or deeds held and offered in evi- dence by the defendant should not extend beyond the land involved herein, viz., the northwest quarter section 11, township two, north range fifty-one

West, Washington County, and so far as the decree may be in conflict with the views we here now express, the same is modified.

Perceiving no substantial error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*