[No. 3563.]

## KNOX ET AL. v. GIBSON.

1. DEED OF TRUST—*Recitations of Trustee's Deed.* A deed in execution of the power of sale contained in a deed of trust must recite compliance by the trustee with the terms of the power, e. g., the request made by the holder of the indebtedness secured by the deed of trust, upon the trustee, to make the sale, the advertisement of the sale, in what paper it appeared, the day of its first publication, and how long such publication was continued. Unless these matters appear, the deed is void.

The affidavit of the publisher of the newspaper in which such advertisement was printed, incorporated in the deed, but not unequivocally adopted by the trustee, will not be referred to, to supplement these defects.

2. JUDICIAL SALE—*Requisites of Deed.* The receiver of a bankrupt corporation was authorized by the court appointing him to convey its lands, on request of a certain person named. The death of this person, and the appointment of another in his place, by the holder of the obligations of the bankrupt company, was held without effect to modify the order of the court.

A deed of the receiver failed to recite such request and it affirmatively appeared that none was, or could have been, made. The deed was held void.

*Appeal from Yuma District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellants.

Mr. JOHN F. MAIL, for appellee.

CUNNINGHAM, Judge.

The appellee, as plaintiff below, brought his action under section 255 of the code, to quiet title to certain lands in Yuma County. As required by this section, plaintiff alleged that he was the owner and in possession of the land. There was no attempt to prove actual possession, and from the record it may be assumed that the land was vacant. Hence, if the plaintiff had possession at all, it must have been constructive possession, and dependent entirely upon whether or not he proved title in himself.

1. For the purpose of making his case, plaintiff introduced a patent from the government to one Hass, a trust deed given by Hass, a trustee's deed (resulting from the foreclosure of said trust deed) to the Colorado Securities Company, and a deed, from a receiver appointed by the district court, running to the plaintiff, the receiver having been appointed by the court in a certain action against the Colorado Securities Company. If either of the last two instruments, that is, the trustee's or the receiver's deeds, were void or insufficient on their face to convey title, and were not aided by any other evidence, then the plaintiff failed in his attempt to prove title, and failing to prove title there would be no proof of his possession, since, as we have seen, his possession must have been, if he had possession at all, purely constructive. We have recently held, following the rule laid down in *Carico v. Kling,* 11 Colo. App., 349, and the authorities there cited, that the recitations in a trustee's deed are *prima facie* proof of the matters stated in them. But the trustee's deed offered by the plaintiff in this case omitted certain recitations essential to its validity. For instance, it does not give the date on which the publication of the foreclosure notice was begun, how long the same was published, or in what paper it appeared.

Neither does the trustee's deed recite that any request had been made by the legal owner or holder of the note of the trustee to have the trust deed foreclosed. It seems there was a purported advertisement of the trustee's sale, which recited the things usual in such published notices, attached to an affidavit of publication by one Williams, who stated that he was the editor of the Yuma Pioneer, a weekly newspaper, etc., and that he had published the notice in his paper for five consecutive weeks, giving the dates of publication. The trustee makes reference to the matter of advertisement in the following language:

"That said premises were on the .... day of ...., A. D. 1894, by the said party of the first part, meaning himself, the trustee duly advertised for public sale on the 20th day of June, 1894, at the Tremont Street door of the court house in the county of Arapahoe, and state of Colorado, that said notice was published in the .... for the period of .... days, and certified copy of said advertisement is herein incorporated."

It will be seen that the published notice returned by the printer must be looked to for the recitations pertaining to the publication, that is, as to the length of time it run, and the dates thereof; and also, it is to this publication that we must look for the recitations pertaining to the request of the *cestui que trust* for the foreclosure of the trust deed, and, perhaps, other essential recitations. The question, therefore, is, can the recitations of the publisher of a foreclosure notice, supported by his affidavit that he has published such matters, take the place of recitations which it is the duty of the trustee to make, and for which he becomes responsible? The writer believes this question must be answered in the negative. It is true that the trustee states in the trust deed that a "certified copy of said advertisement is here-

in incorporated." The writer does not think this is tantamount to a statement by the trustee that he adopts and makes his own the printer's certified copy of the advertisement, and all the recitations therein contained. Certainly it is not an unequivocal adoption of the printer's recitations, or the recitations contained in the printed notice, and we think the rule announced in *Carico v. Kling, supra,* ought not to be extended so as to make doubtful recitations in the trust deed *prima facie* evidence of the facts therein stated. Therefore, the writer's conclusion is that the purported trustee's deed conveyed no title to the Colorado Securities Company.

2. The receiver's deed running directly to the plaintiff, Gibson, was void. Plaintiff introduced an order of the court appointing the receiver wherein, among other things, said receiver was authorized and directed by the court to execute deeds to said lands upon the request of one Lester McLean. The deed from the receiver to the plaintiff recites no request whatever, and the record shows affirmatively that McLean had died prior to the issue of this deed. There is no evidence whatever that the court had ever modified its order by substituting someone in the place of McLean, or in any other particular. To meet this objection urged by the defendants, plaintiff called a witness to the stand who testified to McLean's death, and that the holder of the certificates of indebtedness of the old Colorado Securities Company had selected in the place of McLean, a Mr. Smith. Continuing the witness said: "I have this from Smith himself, and also from Mr. Patterson (the receiver) that the said Smith now is the person who requests the execution of these deeds and has signed this deed as trustee." The witness further testified: "I also know that neither McLean or Smith were ever selected or designated by the court, but by the holder of the old certificates of in-

debtedness of the Colorado Securities Company.'' It is clear that the testimony of the witness as to what he had learned from Smith and Patterson was objectionable on the ground that it was hearsay, and the objection made to it by defendants ought to have been sustained. It may be granted that both McLean and Smith were chosen in the manner prescribed, that is, not by the court, but by the holder of the certificates of indebtedness of the bankrupt company, but the record of the district court introduced by the plaintiff shows that McLean had been designated by the district court as the person upon whose request the court's receiver should act in executing deeds. Therefore, no matter how his relations to the company, or its property, or the receiver, had been originally created, the court ratified it by its designation of him, and the court that appointed the receiver had never, so far as the record discloses, ratified the selection of Smith, granting he had been selected as the witness testifies. No attempt to show that Smith had requested that the deed be executed was made, except that he appears to have signed it as trustee, and there is no evidence that he ever had been empowered to act in that capacity. There are other objections raised by the defendants to the receiver's deed. For instance, the record does not disclose whether the Colorado Securities Company was a foreign or a domestic corporation, or whether it had ever been incorporated at all. Nor is it shown by the record that the Colorado Securities Company, if a corporation, had power to hold or deal in real estate, but under the view we take of the trustee's and the receiver's deeds, it is not necessary to determine these contentions, and we therefore express no opinion concerning them.

For the reasons pointed out, it would seem clear that the plaintiff failed to prove either title or possession to the lands in controversy, hence the judgment of the trial

court in his favor, quieting title to the land in him, was erroneous, and must be reversed.

*Judgment Reversed.*

Decided November 11, A. D. 1912.    Time granted to file petition for rehearing.    No petition filed.