[No. 3484.]

### EMPIRE RANCH & CATTLE CO. v. HOWELL.

1. DEED OF TRUST—*Recitations of Trustee's Deed*, showing a sale under a power contained in a deed of trust are *prima facie* evidence of the facts recited, even though the deed of trust does not in terms so provide.

2. TAX TITLE.—*Void Deed.* A treasurer's deed showing that several non-contiguous tracts were sold for a gross sum, or that the land was sold to the county on the day it was first offered, is void.

3. LIMITATIONS—*Color of Title—Payment of Taxes.* A tax deed is not color of title until recorded. If the paramount owner brings his action to recover the land before the lapse of seven years next succeeding such record, the seven years statute of limitations (Rev. Stat., sec. 4090) has no place.

4. —— *Pleading.* The statute of limitations must be pleaded.

*Appeal from Yuma District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

KING, J., delivered the opinion of the court.

Lardner Howell, as plaintiff, brought his action in the nature of ejectment to recover possession of the

northwest quarter of section 19, township 1 south, range 46 west, in Yuma county, Colorado, alleging ownership in fee simple and right to possession. The answer is a general denial. Judgment was rendered in favor of the plaintiff, and, among other things, adjudged that a certain treasurer's deed recorded in book 1399 at page 189 of the records of said county, through which the defendant claimed title, should be "set aside and for naught held forever," and that plaintiff should pay to the clerk of the court within sixty days from the date of said decree a certain sum of money to reimburse the defendant for taxes, interest and costs paid on account of said lands under its void tax deed.

Plaintiff deraigned title from the United States and through a deed of trust given to secure the payment of a promissory note, and a trustee's deed executed and delivered upon a sale of said real estate pursuant to the terms of said deed of trust. Defendant objected to the deed of trust and the trustee's deed as being incompetent and irrelevant, and assigns as error the overruling of its objection.

The same questions are raised and argued in this case as to the validity of plaintiff's title under the trustee's deed as were considered and determined in *Empire Ranch & Cattle Co. v. Howell*, 22 Colo. App., 389, 125 Pac., 593, to wit, that the recitals in a trustee's deed are *prima facie* evidence of the facts therein stated, even where the deed of trust does not in terms so provide, and that in the absence of any evidence tending to contradict or impeach the recitals in the trustee's deed, such deed will be held sufficient proof of title to put the defendant on his proof. And upon the authority of that case, the plaintiff's title must be held good, unless divested by the alleged paramount title of the defendant under the treasurer's tax deed.

Defendant offered in evidence as paramount title, and relies on, a treasurer's tax deed from the treasurer of Arapahoe county to Arthur Hale, dated December 19th, 1900, and recorded December 27th, 1900, in book 1399 at page 189 of the records of said county, describing and conveying the quarter section herein in litigation, together with a number of other tracts of land not in litigation in this suit. Upon the objection of plaintiff this deed was excluded as evidence. It shows on its face that several non-contiguous tracts of land were sold *en masse* for a gross sum, and that the land was offered for sale for the first time on the 18th day of December, 1897, and on that date sold to the county of Arapahoe. The deed was therefore void on its face, and the objection was properly sustained.

Defendant also offered to prove payment of taxes assessed for seven successive years, under claim and color of title. The treasurer's deed was recorded December 27th, 1900, and the complaint was filed and the suit commenced herein August 13th, 1907, less than seven years from the time defendant obtained color of title by the recording of the deed. For that reason, and for the further reason that the statute of limitations was not pleaded as a defense, the court did not err in sustaining plaintiff's objection to the proof offered.

The decree of the court should be so modified as to confine the effect of annulling the tax deed to the parcel of land herein in controversy, and the trial court, upon motion of appellant, is directed to make such modification. As modified the judgment is affirmed.