[No. 3584.]

## Scott v. Lambert et al.

Deed of Trust—*Recitals of Trustee's Deed*, are, where the deed of trust so provides, *prima facie* evidence of the facts recited, e. g., the deed being executed by a substitute trustee, the recitations thereof that one W. was at a date named the holder of the promissory note mentioned in the deed of trust, that the original trustee was a nonresident of the state, and therefore unable to act, and that W. had appointed as substitute trustee the grantor in the deed, were held *prima facie* evidence of the facts so recited.

*Appeal from Yuma District Court.* Hon. H. P. Burke, Judge.

Mr. R. H. Gilmore, for appellant.

Mr. John F. Mail, for appellees.

Bell, J.

This suit was brought in Yuma county, Colorado, under sec. 255 of Mills' Ann. Code, to quiet the title of the plaintiff to the N. E. ¼ of sec. 23, tp. 4, S. R. 45 W. 6th principal meridian. The defendant, W. T. Lambert, filed a disclaimer and the suit was dismissed as to him. The appellee, James Q. Conrad, denied the allegations in the complaint, set up a fee simple title in himself, then set up the same title in a cross-complaint and asked that the title to the property be quieted in him. The cause was tried before the district court without a jury, resulting in the dismissal of the plaintiff's cause of action and quieting the title in the appellee, from which judgment the plaintiff appealed. The assignments of error especially urged are: Assignment No. 2, that the court erred in admitting in evidence defendant's exhibit 3, a trustee's deed, the result of a foreclosure of a trust deed executed by James Knapp to Harrington Emerson as trustee to secure the payment of a promissory note for $150.00 made by James Knapp and payable to the Reliance Trust Company, because, appellant says, it does not appear in the evidence that the holder of the note mentioned in exhibit 1 (trust deed) ever assigned or sold said note to anyone who requested the foreclosure or appointed a substitute trustee to foreclose said trust deed, and the appellant is not bound by the *ex parte* affidavit attached to the trustee's deed, exhibit 3, or the recitals therein; assignment No. 3, that the court erred in admitting in evidence exhibit 1 (trust deed) because it had not been properly foreclosed. The material complaint in assignment No. 4 is based on the failure of the appellee to show that B. M. Webster was the legal holder of said note when he attempted to appoint a substitute trustee and directed the foreclosure of the trust deed.

The appellee introduced in evidence exhibit 1, the trust deed, which provides that:

"It is agreed that the recitals in said (trustee's) deed shall be taken and accepted as *prima facie* evidence of the facts therein stated."

The trust deed further provides:

"That in case of death, inability or refusal to act, of the said party of the second part (trustee)  *  *  * then the legal holder  *  *  *  of said note shall have the option of substituting any other person in his stead by writing duly acknowledged."

B. M. Webster, who is recited in the trustee's deed as the legal holder of the note, by a writing (exhibit 2) duly executed, acknowledged, delivered and recorded, appointed W. T. Lambert as substitute trustee after Harrington Emerson had, for a long time, absented himself from the state. The trustee, W. T. Lambert, made sale of the premises, and executed and delivered the trustee's deed, which was admitted in evidence and recites, in part, as follows:

"Harrington Emerson is now,  *  *  *  a non-resident of the state of Colorado and therefore unable to act (as trustee) and B. M. Webster, the legal holder of said note, has appointed the undersigned (W. T. Lambert) substitute trustee instead of the said Harrington Emerson;  *  *  *  default hath been made in the payment of the said note,  *  *  *  and the legal holder of said note has requested the sale of said premises  *  *  *  ."

We infer from the assignment of errors and argument of counsel for appellant that the pith of his contention is that there is no evidence establishing the assignment or ownership of the note, secured by the trust deed, in B. M. Webster at the time he endeavored to appoint W. T. Lambert as substitute trustee, and no evidence establishing ownership or possession of the note by B. M. Webster when he requested the foreclosure. The appellee relied, at the trial, upon the agreement in the trust

deed that the recitals in the trustee's deed should be taken and accepted as *prima facie* evidence of the facts therein stated, and relied upon those recitals to prove that the original trustee had left the state and had been away for a long period of time; that B. M. Webster was the legal holder of the note, and had appointed W. T. Lambert as substitute trustee and requested him to foreclose the trust deed, and that the substituted trustee, W. T. Lambert, had regularly complied with the request.

Whenever it is stipulated in the trust deed, as it is in this case, that the recitals in the trustee's deed shall be *prima facie* evidence of the facts therein stated, it is very generally held that the trustee's deed is admissible in evidence without extraneous proof of any matters which are recited in the trustee's deed as existing facts.—*Empire Co. v. Gibson,* 22 Colo. App., 617-619, 126 Pac., 1103; *Webster v. Kautz,* 22 Colo. App., 111-117, 123 Pac., 139; *Bent Otero Improvement Co. v. Whitehead,* 25 Colo., 354-359, 54 Pac., 1023, 71 Am. St., 140; *Jesson et al. v. Texas Land & Loan Co.,* 3 Tex. Civ. App., 25, 21 S. W., 624-626; *Carey v. Brown,* 62 Cal., 373-375; *Beal v. Blair,* 33 Ia., 318-323; *Ingle v. Jones et al.,* 43 Ia., 286-293, 5 N. W., 353; *Savings and Loan Society v. Deering,* 66 Cal., 281-286, 5 Pac., 353; *Tartt v. Clayton,* 109 Ill., 585; Jones on Mortgages, vol. 2, 6th ed., sec. 1895.

It has further been held by this and a former court of appeals that:

"Even where the deed of trust does not provide that the recitals in the trustee's deed shall be *prima facie* evidence of the facts therein stated, it is held that such recitals are *prima facie* proof of the matters stated in them."

*Empire Co. v. Stratton,* 22 Colo. App., 577-581, 126 Pac., 1094; *Empire Co. v. Howell,* 22 Colo. App., 389-391, 125 Pac., 592; *Ensley v. Page,* 13 Colo. App., 452-454, 59

Pac., 225; *Carico v. Kling,* 11 Colo. App., 349-351, 53 Pac., 390.

Considering, as we do, the recitals in the trustee's deed as competent evidence of the facts therein stated, disposes of all the assignments of error which are deemed controlling in the record; hence, the judgment of the district court is hereby affirmed.